MARÍA L. RÍOS SÁNCHEZ, demandante y peticionaria, *v.* EDWIN NARVÁEZ CALDERÓN, demandado y recurrido.

*Número:* CT-2003-3          *Resuelto:* 31 de diciembre de 2004

614

*Roberto J. Sánchez Ramos*, procurador general, abogado de la parte peticionaria; *Catalino Carrasquillo Trujillo*, abogado de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

La Sra. María L. Ríos Sánchez acude ante nos mediante un recurso de certificación, en el que aduce que incidió el Tribunal de Primera Instancia al archivar una solicitud de cobro de pensiones alimentarias atrasadas y ordenar su tramitación por la vía administrativa al amparo de la Ley Orgánica de la Administración para el Sustento de Meno-

res (Ley para el Sustento de Menores),[1] según enmendada por la Ley Núm. 178 de 1 de agosto de 2003 (Ley Núm. 178).

En síntesis, debemos determinar si a la luz de las disposiciones de la Ley para el Sustento de Menores, el tribunal de instancia tiene la facultad para referir al foro administrativo el procesamiento de los asuntos posteriores a la fijación de una pensión alimentaria, a pesar de haber sido el tribunal quien ordenó originalmente su pago.

## I

La señora Ríos Sánchez presentó ante el Tribunal de Primera Instancia una solicitud de pensión alimentaria para una niña menor de edad que procreó con el Sr. Edwin Narváez Calderón. Luego de haberse celebrado la vista correspondiente ante la oficial examinadora de pensiones alimentarias, el foro de instancia acogió el informe rendido por la funcionaria e impuso al señor Narváez Calderón el pago de una pensión de veinticinco dólares semanales. Además, emitió una orden de retención de ingresos.

Ante el incumplimiento del señor Narváez Calderón con el pago de la pensión impuesta, la señora Ríos Sánchez presentó una moción en la que solicitó el cobro de los pagos vencidos. Así vista la moción presentada por la señora Ríos Sánchez, el tribunal de instancia ordenó el archivo del caso y lo refirió a la Administración para el Sustento de Menores (A.Su.Me.) para que fuera tramitado por la vía administrativa conforme a la Ley para el Sustento de Menores. Por consiguiente, ordenó a las partes presentar ante dicha agencia cualquier comunicación relacionada con el caso, incluidos los documentos, las planillas y el descubrimiento de prueba.

---

[1] Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 501 *et seq.*

La señora Ríos Sánchez acudió de este dictamen al Tribunal de Apelaciones. Alegó que el tribunal de instancia erró al interpretar que la Ley para el Sustento de Menores privó de jurisdicción a los tribunales para dilucidar en los incidentes ulteriores a la fijación de las pensiones alimentarias.

Así las cosas, y antes de que el foro intermedio apelativo evaluara el caso en sus méritos, la señora Ríos Sánchez acudió ante nos mediante un recurso de certificación. Adujo que la interpretación que el foro de instancia había hecho de la enmienda que la Ley Núm. 178, *supra*, le hiciera a la Ley para el Sustento de Menores, tuvo el efecto de privar a los alimentistas de acudir al foro judicial para que éste adjudicase asuntos posteriores a la fijación de las pensiones alimentarias. Planteó que, por tratarse de un asunto novel y de un alto interés público, esta controversia debía ser adjudicada de forma expedita.([2])

Vista su petición, acogimos el recurso de certificación y expedimos el auto solicitado. Con la comparecencia de la parte peticionaria, procedemos a resolver.([3])

II

A. Sabido es que la obligación de los progenitores de proveer alimentos a sus hijos menores de edad es parte esencial del derecho a la vida. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1. Véase *McConnell v. Palau*, 161 D.P.R. 734 (2004); *Chévere v. Levis*, 150 D.P.R. 525, 533 (2000). Dicha obligación emana, además, de los Arts. 118, 143 y 153 del Código Civil de Puerto Rico, 31 L.P.R.A. secs.

---

([2]) Indicó, además, que actualmente se encuentran ante la consideración del tribunal apelativo cuatro recursos adicionales al de autos que plantean la misma controversia. Éstos son: *José Rosario López y Asunción Lebrón Díaz, Ex parte*, KLCE200301457; *César A. Cabán Tristani y Jessica Martínez Colón, Ex parte*, KLCE2003014448; *Nancy A. Hess y Luis F. Feliciano, Ex parte*, KLCE200301452, y *Eny Báez Ramos y Marcos Espinosa Rodríguez, Ex parte*, KLCE200301472.

([3]) La parte recurrida no presentó alegato.

466, 562 y 601. A su vez, el deber de proveer alimentos a los hijos menores de edad surge de la relación paterno-filial y se origina en el momento cuando la paternidad o la maternidad queda legalmente establecida. *Martínez v. Rodríguez*, 160 D.P.R. 145 (2003).

■ Por estar revestido el derecho de alimentos de los menores de edad del más alto interés público, el Estado ha legislado ampliamente para asegurar su cumplimiento. A esos fines fue aprobada la Ley para el Sustento de Menores, en la que se estableció la política pública de fomentar la paternidad y la maternidad responsables. Su objetivo primordial fue agilizar los procedimientos de fijación y modificación de las pensiones alimentarias para beneficiar a los alimentistas reclamantes. Véase S. Torres Peralta, *La Ley Especial de Sustento de Menores y el derecho de alimentos en Puerto Rico*, San Juan, Pubs. STP, 1997, Sec. 4.3. Así, dispuso un procedimiento judicial expedito para la determinación, recaudación y distribución de las pensiones alimentarias. 8 L.P.R.A. sec. 502. Además, estableció que sus disposiciones deben ser interpretadas liberalmente a favor de los mejores intereses del menor o alimentista.

■ En 1994 la Asamblea Legislativa aprobó la Ley Núm. 86 de 17 de agosto de 1994 (8 L.P.R.A. sec. 501 *et seq.*), la cual enmendó la Ley para el Sustento de Menores. Mediante esta enmienda se creó A.Su.Me., un organismo facultado para llevar a cabo el procedimiento administrativo expedito conducente a realizar las determinaciones filiatorias, establecer o modificar las órdenes de pensiones alimentarias y exigir de la persona responsable por ley el cumplimiento de la obligación de prestar alimentos. 8 L.P.R.A. sec. 510. Precisa señalar que el mencionado procedimiento administrativo se estableció "en adición a los remedios y a la acción judicial de alimentos que puedan incoar las personas con capacidad para reclamar alimentos". Íd.

■ La Ley para el Sustento de Menores fue nuevamente enmendada mediante la Ley Núm. 178, *supra*. Esta enmienda tuvo el propósito de atemperar la legislación local con las disposiciones de la Ley de Seguridad Social Federal[4] y la reglamentación federal aplicable, y de facilitar el acceso a los ciudadanos a los procedimientos de pensiones alimentarias mediante el incremento de las posiciones de jueces administrativos y mejorar la comunicación entre el foro judicial y la agencia administrativa. Véase la Exposición de Motivos de la Ley Núm. 178 (2003 (Parte 1) Leyes de Puerto Rico 810). La coexistencia del procedimiento expedito, tanto administrativo como judicial, quedó inalterada luego de las enmiendas efectuadas en el 2003 a la Ley para el Sustento de Menores. De esta forma, los alimentistas pueden seleccionar entre dos foros para presentar sus reclamaciones, de manera que éstas sean atendidas de forma rápida y eficiente.

■ El procedimiento judicial expedito consiste en un trámite procesal sumario, que da inicio con la presentación de una petición para fijar, modificar, revisar o hacer efectivas las órdenes de pensiones alimentarias ante el tribunal de instancia. Inmediatamente, la Secretaría del tribunal expide una notificación-citación y se señala una vista ante un oficial examinador de pensiones alimentarias. Posteriormente se diligencia la notificación-citación al alimentante y se celebra la vista ante el examinador, quien debe presentar un informe al tribunal con las recomendaciones sobre el curso de acción que se debe seguir en torno a la solicitud presentada. Finalmente, el tribunal adjudicará la petición de alimentos. A tono con el inciso (28) del Art. 1 de la Ley Núm. 178 (8 L.P.R.A. sec. 501(28)), el procedimiento judicial expedito debe propender a que el noventa por ciento de los casos se resuelvan dentro del término de tres meses, a que el noventa y ocho por ciento de los casos se

---

(4) Ley Pública Núm. 93-647 de 4 de enero de 1975, según enmendada.

resuelvan en un término de seis meses y a que la totalidad de éstos sean resueltos dentro del término de un año. Este término para la resolución final de las reclamaciones de alimentos debe ser contado a partir del diligenciamiento de la notificación de la petición.

■ De otra parte, el procedimiento administrativo expedito da inicio con la presentación de una reclamación en A.Su.Me. y la subsiguiente notificación por la agencia al alimentante de la reclamación instada. Posteriormente, la agencia debe llevar a cabo una investigación en torno a la reclamación, la cual puede incluir exámenes genéticos, si está en controversia la filiación de un menor, y debe proveerle la oportunidad al alimentante de presentar sus defensas y objeciones. A.Su.Me. está facultada para celebrar vistas administrativas informales y para dictar órdenes de pago de alimentos y decretos de filiación, entre otros. Arts. 13 y 14 de la Ley Núm. 178 (8 L.P.R.A. secs. 510–510a).

■ En cuanto a cuál de estos dos foros adquiere jurisdicción para adjudicar una solicitud para *fijar* una pensión alimentaria, el Art. 8 de la Ley para el Sustento de Menores, 8 L.P.R.A. sec. 507, según enmendado por la Ley Núm. 178, *supra*, dispone que el foro en el que primero se presente la solicitud para *fijar* la pensión —bien sea el administrativo o el judicial— adquiere jurisdicción exclusiva con respecto a ese asunto en particular. Esto surge conspicuamente del texto del citado Art. 8, el cual dispone que "[a]l iniciarse la petición de remedios o al tramitarse la solicitud ante el foro administrativo o judicial, se entenderá que el foro en donde se radique primero tendrá jurisdicción exclusiva para fijar una orden de pensión alimentaria".

■ B. Asimismo, la propia Ley para el Sustento de Menores reconoce que existe *jurisdicción concurrente* entre A.Su.Me. y el Tribunal de Primera Instancia para atender los *incidentes que surjan luego de haberse adjudicado la*

*petición de pensión*, independientemente de cuál de estos dos foros adjudicó la petición originalmente. Esto, de igual forma, se evidencia de una simple lectura del Art. 8 de la citada ley, *supra*, el cual dispone a esos efectos que, "aun cuando la orden de pensión haya sido fijada en el foro judicial o en otro estado, el Administrador tendrá jurisdicción para disponer administrativamente"; la retención de ingresos, la cubierta de seguro médico, el pago de deudas, la modificación o revisión de la pensión corriente, el cumplimiento de orden de pensión alimentaria y "cualquier otra gestión posterior a la fijación de la Orden de Pensión Alimentaria", entre otras cosas.

El citado Art. 8, según enmendado, atiende dos asuntos distintos, a saber: la fijación de la pensión en primera instancia y los trámites posteriores accesorios a dicha pensión, como lo son su cobro, modificación o revisión. Para el primer caso, la ley dispuso sin lugar a dudas que el foro al que primero se acuda es el que debe adjudicar la reclamación. Ahora, con el fin de agilizar los procedimientos y disponer de un mecanismo eficiente para dichos incidentes posteriores a la fijación de la pensión, la enmienda de 2003 a la Ley para el Sustento de Menores proveyó expresamente jurisdicción concurrente al foro judicial y al administrativo. Resolver que el foro judicial carece de jurisdicción para atender los asuntos posteriores a la fijación de una pensión alimentaria atentaría contra el interés público de propiciar el acceso de los ciudadanos a los mecanismos procesales para ejercer el derecho a recibir alimentos y de tramitar con prontitud las reclamaciones de los alimentistas. Véase la Exposición de Motivos de la Ley Núm. 178, *supra*.

C. Visto lo anterior, no obstante, debemos determinar si el tribunal puede *motu proprio* ordenar la tramitación por la vía administrativa de los asuntos posteriores a la fijación de la pensión alimentaria, cuando fue el foro judicial el que originalmente ordenó el pago de alimentos.

■   Aunque ciertamente de la Ley para el Sustento de Menores surge el derecho de la parte a acudir al foro de su preferencia a solicitar la fijación de la pensión alimentaria y cualquier otro remedio posterior, ello no es óbice para que, consecuente con los fines de dicha ley y en observancia con su mandato de interpretación liberal a favor de los mejores intereses del alimentista, se reconozca la facultad al tribunal para referir a A.Su.Me. *los incidentes posteriores a la fijación de la pensión. Ello siempre que se haga una determinación específica de que de esa manera se sirven mejor los intereses del alimentante y, por supuesto, los fines de la Ley para el Sustento de Menores.*

■   El tribunal puede transferir a A.Su.Me. cualquier reclamación posterior a la fijación de la pensión, independientemente de si se fijó por el foro judicial o por el administrativo. Ciertamente, en primera instancia las partes tienen la potestad de decidir en cuál foro tramitar estos asuntos. No obstante, si acuden al foro judicial y éste *determina de manera específica* que existe alguna razón meritoria para que sea A.Su.Me. quien tramite su reclamación, posterior a la fijación de la pensión, el tribunal tiene la autoridad para referir el caso a dicha agencia. Es el tribunal de instancia el que está en la mejor posición para decidir si el procesamiento del caso a través del foro administrativo promovería, de mejor manera, el propósito de la Ley para el Sustento de Menores de gestionar el reclamo de alimentos de manera ágil y eficiente. Por ejemplo, es el tribunal el que podría saber que, por la cantidad de casos ante su consideración, la reclamación de alimentos se retrasaría considerablemente y, por lo tanto, es conveniente tramitarlo por la vía administrativa. De igual forma, el tribunal podría estimar que, por la naturaleza de la reclamación, son necesarios los recursos y la especialización de la agencia administrativa. Además, podría entender que el uso de técnicas de adjudicación más flexibles en el foro administrativo facilitaría la tramitación de la reclama-

ción.[5] El tribunal, de igual forma, podrá considerar cualquier otro factor en beneficio del alimentista.

## III

En el caso de autos, el Tribunal de Primera Instancia impuso al señor Narváez Calderón el pago de una pensión alimentaria para su hija menor de edad de veinticinco dólares semanales. Posteriormente, ante una moción para solicitar los pagos de pensión atrasados, presentada por la señora Ríos Sánchez, el foro de instancia ordenó el archivo del caso y lo refirió a A.Su.Me.

Como indicamos previamente, el tribunal está facultado para referir al foro administrativo aquellas reclamaciones posteriores a la fijación de una pensión en las que entienda que la tramitación del asunto en ese foro servirá mejor a los intereses del alimentista y al propósito de la Ley para el Sustento de Menores. No obstante, tal referido no puede hacerse de forma automática, sino que *el tribunal debe hacer una determinación específica sobre la adecuacidad del trámite administrativo sobre el judicial para atender el asunto.*

Conforme a ello, *se deja sin efecto la decisión del Tribunal de Primera Instancia de referir la reclamación de la Sra. María L. Ríos Sánchez a la Administración para el Sustento de Menores. Se devuelve el caso a dicho foro para que éste haga una determinación específica sobre la conveniencia de que sea el foro administrativo quien atienda la reclamación de pensiones atrasadas presentada por la Sra. María L. Ríos Sánchez o que, de lo contrario, sea dicho foro judicial el que la adjudique. Le instruimos, además, a realizar dicha determinación prontamente, de manera que no se continúen dilatando los procedimientos en perjuicio del alimentista.*

---

[5] Véase *Ferrer Rodríguez v. Figueroa*, 109 D.P.R. 398, 402 (1980).

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri emitió una opinión disidente. El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

— O —

Opinión disidente emitida por el Juez Asociado Señor Fuster Berlingeri.

No cabe duda alguna de que al amparo de la Ley Orgánica de la Administración de Sustento de Menores, según enmendada, 8 L.P.R.A. sec. 501 *et seq.* (LSM), en Puerto Rico el foro judicial y el foro administrativo —A.Su.Me.—(¹) tienen *jurisdicción concurrente* sobre las reclamaciones alimentarias de menores. Se trata de un entramado dispuesto por el legislador para asegurar del modo más amplio posible el derecho fundamental de los menores de edad a recibir alimentos por parte de sus padres.

También es claro que conforme a lo dispuesto en el Art. 8 de la LSM, 8 L.P.R.A. sec. 507,(²) el foro con jurisdicción

---

(¹) La Administración para el Sustento de Menores.

(²) En lo pertinente, dicho Art. 8 lee como sigue:

"(2) al iniciarse la petición de remedios o al tramitarse la solicitud ante el foro administrativo o judicial, se entenderá que el foro en donde se radique primero tendrá jurisdicción exclusiva para fijar una orden de pensión alimentaria. *No obstante, aun cuando la orden de pensión alimentaria haya sido fijada en el foro judicial o en otro estado, el Administrador tendrá jurisdicción para disponer administrativamente sobre*:

"(a) Iniciar la retención de ingreso.

"(b) Variar el receptor del pago.

"(c) Ordenar cubierta de seguro médico.

"(d) Ordenar pagos para abonar a deudas, en adición a la pensión corriente.

"(e) Modificar, revisar la pensión corriente a tenor con el Plan de Revisión y Modificación de Obligaciones Alimentarias.

"(f) *hacer cumplir la orden de pensión alimentaria, excepto el imponer órdenes de desacato.*

"(g) *cualquier otra gestión posterior a la fijación de la Orden de Pensión Alimentaria.*" (Énfasis suplido.) 8 L.P.R.A. sec. 507.

para fijar y tramitar *una orden de pensión alimentaria* será aquel en el cual se presente primero la petición de remedios o el trámite de una solicitud.

Surge con igual claridad que las partes tendrán el derecho a escoger en qué foro solicitar cualquier otra gestión *posterior a la fijación de una pensión alimentaria,* independientemente del foro en que se haya fijado dicha pensión. Aun cuando la solicitud de pensión alimentaria se hubiere fijado en el foro judicial, el foro administrativo puede entender en los otros asuntos relativos a la pensión alimentaria específicamente mencionados en los incisos (a) al (g) del referido Art. 8. Surge con meridiana claridad, pues, que la intención del legislador fue proveerle al ciudadano un foro, además del judicial, en el cual se pudiera disponer administrativamente de los asuntos relacionados con la fijación de órdenes alimentarias. Lo que no es favorecido, que el legislador procuró evitar, es que una parte pueda acudir simultáneamente a ambos foros —el administrativo y el judicial— en reclamo de una pensión alimentaria. En casos donde ocurra la presentación simultánea, al adquirir jurisdicción uno de los foros, el otro debe abstenerse de intervenir en la controversia.

En resumen, pues, el claro esquema de la LSM es el de proveerle *a la parte interesada* tanto la facultad de decidir en cuál de los foros ha de presentar la petición de alimentos, como la facultad de decidir en cuál de los foros ha de dilucidar luego los otros asuntos que surjan relacionados con las pensiones alimentarias. Se trata de un *diseño legislativo deliberado y patente* de ofrecerle *al ciudadano* la opción de escoger en qué foro ha de solicitar diversas acciones de naturaleza alimentaria: en el administrativo o en el judicial. Este derecho a optar es un elemento esencial del esquema legislativo que procura ampliar los medios para hacer valer el derecho a recibir alimentos que tienen los menores de edad.

Como el derecho de escoger el foro le corresponde claramente a la parte solicitante, un tribunal no puede motu proprio referir los trámites alimentarios al foro administrativo una vez la parte solicitante ha optado inicialmente por el foro judicial. Tal actuación del foro judicial es *ultra vires* y contraria al esquema claro que dispuso el legislador. *No puede un tribunal usurpar lo que el legislador determinó que le correspondía a la parte solicitante.*

En el caso de autos, la señora Ríos Sánchez escogió el foro judicial para tramitar la petición de cobro de pensión alimentaria. El tribunal de instancia, *por su cuenta y sin siquiera expresar fundamento alguno para ello*, refirió el caso al foro administrativo. *No tenía ni autoridad ni justificación* para actuar de ese modo, pero hoy una mayoría de este Tribunal convalida tal proceder, a pesar de que es patentemente contrario a lo dispuesto por el legislador. Es un principio cardinal de hermenéutica que

> [a]l interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla, y nuestra interpretación de la ley debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener. *Chase Manhattan Bank v. Mun. de San Juan,* 126 D.P.R. 759, 766 (1990).

Como la mayoría del Tribunal ignora aquí sin razón alguna el claro y deliberado mandato legislativo, yo disiento.