Opinión disidente emitida por la
Jueza Asociada Señora Pabón Charneco,
a la que se unen el Juez Presidente Señor Hernández Denton y los Jueces Asociados Señor Martínez Torres y Señor Rivera García.
No podemos suscribir la Opinión que emite este Tribunal, pues extiende la norma establecida en Figueroa v. Del Rosario, 147 D.P.R. 121 (1998), a las determinaciones so-bre pensiones alimentarias de excónyuges. Es decir, con-cluye que las determinaciones sobre este tipo de pensiones constituyen Sentencias de las cuales se puede interponer el recurso de apelación.
Las determinaciones sobre pensiones alimentarias de excónyuges son incidentes procesales revisables mediante el recurso de certiorari. Esta interpretación es cónsona con que el derecho a alimentos está revestido del mayor interés público y, a su vez, mantiene la armonía de nuestro orde-namiento jurídico procesal.
I
La Regla 43.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) dispone que “el término ‘sentencia’ incluye cualquier determinación del Tribunal de Primera Instan-cia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse”.(1) Esto es así cuando se resuelve el caso *818 en sus méritos y se termina el litigio entre las partes, y queda pendiente solamente la ejecución de la sentencia, incluso cuando la determinación haya sido erróneamente titulada “Resolución”.(2) Véanse, además: Abrams Rivera v. E.L.A., 178 D.P.R. 914 (2010); García v. Padró, 165 D.P.R. 324, 332—333 (2005); De Jesús v. Corp. Azucarera de P.R., 145 D.P.R. 899 (1998).
A diferencia de las sentencias, las resoluciones ponen fin a un incidente dentro del proceso judicial, ya sea antes o después de dictarse la sentencia. García v. Padró, supra, pág. 332; De Jesús v. Corp. Azucarera de P.R., supra; Rodríguez v. Tribl. Mpal. y Ramos, 74 D.P.R. 656, 664 (1953). Estas se revisan mediante el recurso de certiorari y se no-tifican más informalmente en comparación con las sentencias.(3) Abrams Rivera v. E.L.A., supra, pág. 929. Esto, pues las sentencias requieren que el Secretario noti-fique la adjudicación final, su derecho a apelar y la fecha del archivo en autos de la notificación para hacer efectiva la jurisdicción apelativa. De Jesús v. Corp. Azucarera de P.R., supra, pág. 904.
Ya emitida una sentencia, la Regla 43.3 de Procedi-miento Civil de 1979 (32 L.P.R.A. Ap. III), dispone para la solicitud de determinaciones de hecho y conclusiones de derecho iniciales o adicionales sobre esta. Reiteradamente hemos expresado que la presentación oportuna y correcta de una moción al amparo de esta regla interrumpe los tér-minos para apelar. Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345, 357 (2003). Sin embargo, esta regla aplica *819 solamente a las sentencias, por lo que no se interrumpe el término en cuanto a las resoluciones interlocutorias.
De acuerdo con lo expresado, las modificaciones de las determinaciones sobre pensiones alimentarias se conside-raban resoluciones sujetas a examen mediante recurso de certiorari. No obstante, en Figueroa v. Del Rosario, supra, pág. 129, modificamos las Reglas de Procedimiento Civil y concluimos que las determinaciones de custodia y pensio-nes alimentarias de menores “constituye [n] una nueva sentencia de la cual puede apelarse”.
En dicho caso, el tribunal había adjudicado previamente la custodia de un menor a su madre. Posteriormente, el padre solicitó la custodia, pero esta se le denegó mediante resolución. Inconforme, el padre solicitó determinaciones de hechos y conclusiones de derecho adicionales. Esta soli-citud también le fue denegada. Por consiguiente, el padre recurrió ante el Tribunal de Apelaciones. No obstante, transcurrieron más de treinta días desde la notificación de la Resolución que denegó la custodia y la fecha en que se presentó el recurso ante el Tribunal de Apelaciones, mas no desde que fue archivada en autos la Resolución que de-negó la solicitud de determinaciones de hechos y conclusio-nes de derecho adicionales.
Así las cosas, la madre solicitó ante el Tribunal de Ape-laciones la desestimación por falta de jurisdicción. Argüyó que el recurso fue presentado fuera del término provisto en ley para la revisión de resoluciones mediante certiorari. Sin embargo, el foro apelativo intermedio denegó la solicitud. Traída entonces la controversia ante nuestra con-sideración, resolvimos que
... los dictámenes de alimentos y de custodias que modifican o intentan modificar los dictámenes finales previos, por haber ocurrido un cambio en las circunstancias, constituyen propia-mente sentencias. En consecuencia, una moción de determina-ciones de hechos y conclusiones de derecho adicionales oportu-namente presentada al amparo de la Regla 43.1 de Procedimiento Civil, supra, interrumpe el término jurisdiccio- *820 nal de treinta (30) días para recurrir en alzada al Tribunal de Circuito. (Énfasis en el original.) Figueroa v. Del Rosario, supra, pág. 129.
Esta determinación se sostuvo en el alto interés público y el carácter sui géneris de los casos de familia, así como en la conclusión de que los dictámenes de alimentos y de cus-todias adjudican y resuelven una reclamación entre las partes.
Sobre el particular, el entonces Juez Asociado Señor Ne-grón García —al que se unió el entonces Juez Asociado Señor Hernández Denton— expuso unas razones de gran peso mediante una opinión disidente en Figueroa v. Del Rosario, supra. Hoy nos hacemos eco de ellas. Particular-mente, la Opinión Disidente indica que el derecho de ape-lación es de origen estatutario y que el ordenamiento jurí-dico procesal solo reconoce ese derecho contra sentencias finales, no así para revisar incidentes postsentencia. (4) Por lo tanto, concluye que “[e]ste Tribunal carece de facultad constitucional para, por fíat judicial, abrogarse y usurpar una prerrogativa fundamental que pertenece a la Asamblea Legislativa”. (Énfasis en el original.) Id., pág. 132. De igual forma, indica que “[n]o importa lo compleja que sea una controversia postsentencia sobre custodia (o alimentos), e independientemente de que esté revestida de interés pú-blico y no constituya cosa juzgada ... ello no es suficiente para ultra vires convertir su resolución en sentencia y, por ende, imponer apelaciones obligatorias”. (Énfasis en el original.) Id. A estas razones se les añade la carga que con-lleva para los Tribunales de Primera Instancia y el encare-cimiento de los costos para los litigantes y abogados.
Ciertamente, el derecho de alimentos está revestido del más alto interés público. Morales v. Jaime, 166 D.P.R. 282 (2005); Ríos v. Narváez, 163 D.P.R. 611 (2004); González v. Suárez Milán, 131 D.P.R. 296, 301 (1992). Sin embargo, las *821 determinaciones de alimentos no constituyen cosa juzgada. A contrario sensu, tienen un carácter dinámico y siempre están sujetas a revisión cuando haya cambios sustanciales en las necesidades del alimentista y en los recursos econó-micos del alimentante. Cantellops v. Cautiño Bird, 146 D.P.R. 791, 801 (1998); González v. Suárez Milán, supra, pág. 301; Piñero Crespo v. Gordillo Gil, 122 D.P.R. 246, 258 (1988). Esto, incluso, ante estipulaciones o acuerdos acep-tados por el tribunal en casos de divorcios por consenti-miento mutuo. Cantellops v. Cautiño Bird, supra, págs. 805-806; Magee v. Alberro, 126 D.P.R. 228, 233 (1990). Esto, pues en la vida del alimentista y el alimentante se prevén muchos incidentes que requieren determinaciones por parte de los tribunales con posterioridad ha haber dic-tado una sentencia. Ello explica por qué la Asamblea Le-gislativa dispuso que
[f]ijada la pensión alimenticia, el juez podrá modificarla por alteraciones sustanciales en la situación, los ingresos y la for-tuna de uno u otro ex cónyuge. La pensión será revocada me-diante resolución judicial si llegase a hacerse innecesaria, o por contraer el cónyuge divorciado acreedor a la pensión nuevo matrimonio o viviese en público concubinato. (Énfasis suplido.) Art. 109 del Código Civil, 31 L.P.R.A. sec. 385.
Extender la norma de Figueroa v. Del Rosario, supra, a las pensiones alimentarias excónyuges conlleva auto adju-dicarnos una función que no nos compete y que a su vez afecta la armonía que las Reglas de Procedimiento Civil proveen en nuestro ordenamiento jurídico al convertir cuantiosas resoluciones en sentencias e imponer apelacio-nes que sobrecargan innecesariamente a los tribunales y conlleva un proceso más largo y costoso para las partes.
I — I hH
En el caso de autos, el señor González Colón solicitó un relevo de pensión que fue denegado por el tribunal de ins- *822 tancia mediante Resolución de 11 de agosto de 2009. Así las cosas, el peticionario solicitó determinaciones de hechos y conclusiones de derecho adicionales el 18 de agosto del mismo año. Esto fue denegado el 24 de septiembre de 2009. Es entonces cuando el señor González Colón presentó un recurso titulado Apelación el 22 de octubre de 2009.
Como podemos observar, el señor González Colón tardó más de dos (2) meses desde que se le notificó la determina-ción en cuanto a la solicitud de relevo de pensión para so-licitar su revisión. Por tratarse de una Resolución del tribunal, la solicitud de determinaciones de hechos y conclusiones de derecho adicionales no interrumpió los términos. A todas luces, el recurso presentado ante el Tribunal de Apelaciones debe ser examinado como un certio-rari, y, por consiguiente, es tardío. El Tribunal de Apelacio-nes no erró al desestimar por falta de jurisdicción.
Por los argumentos antes expresados, disiento respetuo-samente de la Opinión emitida por el Tribunal.

 Similar disposición provee la Regla 42.1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V). No obstante, esta define el término “Resolución” como cualquier dictamen que pone fin a un incidente dentro del proceso judicial.

 No obstante, la Regla 43.5 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), autoriza a los tribunales a dictar sentencia final en cuanto a una o más recla-maciones o partes sin disponer de la totalidad del pleito. Véase, además, Abrams Rivera v. E.L.A., 178 D.P.R. 914 (2010).

 Claro está, existen ciertas resoluciones que se dictan en incidentes posterio-res a una sentencia final y que a pesar de no ser sentencias, gozan de un trámite más formal. Es decir, requieren el archivo en autos de la copia de su notificación. Esto, pues interrumpen y reinician los términos jurisdiccionales para apelar o revisar. Véanse: Reglas 43.4 y 47 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

 Véase 4 L.P.R.A. sec. 24y(a).