Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| EILEEN RAMOS MARTÍNEZ<br>Recurrida<br><br>v.<br><br>LUIS RÍOS LÓPEZ<br>Peticionario | KLCE202400062 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Familia y Niños de Bayamón<br><br>Caso Núm. BY2021RF00096<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de abril de 2024.

Comparece el señor Luis Ríos López (señor Ríos López o peticionario), a través de un recurso de *certiorari*, solicitando que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 20 de diciembre de 2023. Mediante dicho dictamen el foro primario denegó la solicitud del señor Ríos López para revisar la pensión alimentaria por un alegado cambio sustancial en las circunstancias de las partes, al no encontrar circunstancias extraordinarias que lo justificara.

Tras evaluar el asunto ante nuestra consideración, hemos decidido no intervenir con el curso decisorio determinado por el foro recurrido, por lo que denegamos la expedición del recurso de *certiorari* presentado.

**I. Resumen del tracto procesal**

El 21 de enero de 2021, la señora Eileen M. Ramos Martínez (señora Ramos Martínez o recurrida) presentó una *Petición* de alimentos a favor de su hijo menor de edad.

NÚMERO IDENTIFICADOR

RES2024_____

Lo anterior dio lugar a que se pautara la celebración de una vista sobre fijación de pensión alimentaria. En efecto, el 16 de marzo de 2021 se celebró dicha vista ante un Examinador de Pensiones Alimentarias (EPA), mediante videoconferencia, a la que compareció el peticionario por derecho propio, acordando las partes lo siguiente:

a. El **Sr. Luis A. Ríos López**, pagará **$161.53 bisemanales**, por concepto de pensión alimenticia, para beneficio de su hijo menor de edad: L.F.R.R., nacido el 8 de abril de 2016.

b. Dicha cantidad será **depositada** en la cuenta #3180881204 en el Banco Popular de Puerto Rico, mediante transferencia electrónica (ATH Móvil), efectivo al **19 de marzo de 2021**. Será obligación de las partes llevar registro de lo pagado y recibido.

c. El menor continuará beneficiándose del **plan de salud** que le provee el gobierno de Puerto Rico. El señor Ríos López pagará el **50%** de los **gastos médicos no cubiertos por el plan, así como los de regreso a la escuela de materiales, uniformes y libros**, los cuales **reembolsará** en un término de **15 días, una vez evidenciado el gasto.**

d. Se reconoce una **deuda** por concepto de **retroactividad** por la cantidad de **$261.53** la cual será pagadera por el señor Ríos López en **plazos bisemanales, a razón de $26.15 adicionales hasta su saldo.**[1] (Énfasis en el original).

A raíz de ello, y luego de haber examinado el Informe rendido por el EPA, el TPI acogió la estipulación realizada por las partes en corte abierta y bajo juramento, mediante *Sentencia* de 29 de marzo de 2021. Además, ese mismo foro primario aclaró en su determinación que: la pensión alimentaria ordenada regiría entre las partes hasta que el Tribunal o la Administración para el Sustento de Menores (ASUME) realizara una nueva determinación; **las partes tendrían derecho a solicitar la revisión de la pensión alimentaria transcurridos tres años a partir de que la misma fuera establecida, o antes del referido periodo, cuando ocurran cambios significativos en las circunstancias de alguna de las partes o del menor alimentista.**[2] (Énfasis provisto).

No obstante, el 19 de diciembre de 2023, el peticionario presentó una *Moción de Remedio* ante el TPI. En síntesis, el señor Ríos López

---

[1] Anejo II del recurso de *certiorari*, pág. 5.
[2] Anejo II del recurso de *certiorari*, pág. 6.

sostuvo que la recurrida *ha gozado de un incremento significativo en sus ingresos* provenientes de tres empresas: (1) *Eileen Ramos Event Planners,* (2) *Greenery Flower Shop,* y (3) *Garden Furnishers.*[3] A partir de lo cual argumentó que la pensión alimentaria debía modificarse, pues había acontecido un cambio sustancial en las circunstancias de las partes. En consonancia, solicitó como remedio que el tribunal *a quo* ordenara la celebración de una vista para presentar evidencia, que sirviera para fijar una pensión alimentaria cónsona con los recursos de los alimentantes y las necesidades del alimentista.

En respuesta, el 20 de diciembre de 2023, el TPI emitió una *Orden* en la que indicó lo que sigue: "No encontramos circunstancias extraordinarias que muevan al Tribunal a determinar referir a la (el) EPA".[4] Es decir, el foro recurrido denegó la solicitud del peticionario para que se revisara la pensión alimentaria.

Ese mismo día, el señor Ríos López presentó una *Moci[ó] solicitando reconsideraci[ó]*. En esta ocasión el peticionario reiteró sobre el presunto aumento en los ingresos de la madre alimentante como causa para revisar la pensión alimentaria impuesta, pero por primera vez añadió como alegación que había sufrido una merma en sus ingresos.

Visto lo cual, el 20 de diciembre de 2023, el TPI emitió una *Orden* declarando *No Ha Lugar* la referida *Moción solicitando reconsideración.* Al así decidir el TPI razonó que "No han transcurrido los 3 años para revisar la pensión alimentaria y no encontramos las circunstancias extraordinarias".[5]

Inconforme, el peticionario recurre ante nosotros señalando la comisión de los siguientes errores:

**ERRÓ EL HONORABLE TRIBUNAL A QUO AL IMPEDIR EL INICIO DEL PROCEDIMIENTO DE REVISIÓN DE PENSIÓN A PESAR DE QUE LAS ALEGACIONES SURGE QUE HUBO**

---

[3] Anejo III del recurso de *certiorari,* pág. 7.
[4] Anejo IV del recurso de *certiorari,* pág. 10.
[5] Anejo VI del recurso de *certiorari,* pág. 15.

**UN INCREMENTO SUSTANCIAL EN LOS INGRESOS DE LA MADRE VERSUS LA MERMA DE INGRESOS DEL PADRE PETICIONARIO, CONSTITUYENDO ASÍ UN CLARO ABUSO DE DISCRECIÓN POR EL FORO PRIMARIO.**

**ERRÓ EL HONORABLE TRIBUNAL A QUO AL IMPEDIR EL INICIO DEL PROCEDIMIENTO DE REVISIÓN DE PENSIÓN A PESAR DE QUE LA LEY DE ASUME, *INFRA,* PERMITE LA REVISIÓN DE LA PENSIÓN ANTES DE HABERSE CUMPLIDO LOS TRES AÑOS DESDE QUE SE HAYA DICTADO SENTENCIA.**

El 7 de marzo de 2024 emitimos *Resolución* concediéndole a la recurrida 20 días para que presentara su posición. Transcurrido el término sin su comparecencia, procedemos a resolver.

## II. Exposición de Derecho

### A. *Certiorari*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012).

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello,* 155

DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730.

**B.**

La Carta de Derechos de la Constitución de Puerto Rico reconoce el derecho a la vida como un derecho fundamental del ser humano. Art. II, Sec. 7, Const. ELA, LPRA, Tomo I. Conforme a este principio, el Tribunal Supremo ha expresado que la obligación de los progenitores de proveer alimentos a sus hijos menores de edad es de índole constitucional y parte esencial del derecho a la vida. *Martínez v. Rodríguez,* 160 DPR 145, 151 (2006); *Maldonado v. Cruz,* 161 DPR 1, 12 (2004); *Ríos v. Narváez,* 163 DPR 611, 617 (2004); *McConnell v. Palau,* 161 DPR 734, 745 (2004); *Chévere v. Levis,* 150 DPR 525, 533 (2000). Por tal razón, los casos de alimentos, en particular los relacionados con menores de edad, están revestidos del más alto interés público. *Maldonado v. Cruz,* supra, pág. 12; *Ríos v. Narváez,* supra, pág. 618; *Chévere v. Levis,* pág. 535. Así, el derecho constitucional a recibir alimentos, "es un derecho de tan alto interés público que el Estado, como parte de su política pública, ha legislado ampliamente para velar por su cumplimiento". *Ríos v. Narváez, supra,* pág. 618; *Chévere v. Levis,* pág. 535.

Cónsono con lo anterior, el Art. 19 de la Ley Núm. 5-1986, según enmendada, Ley Orgánica de la Administración para el Sustento de Menores, (Ley de Sustento de Menores), 8 L.P.R.A. sec. 518, establece la facultad revisora del examinador de toda orden de pensión alimentaria cada tres años. No obstante, en el mismo artículo también se dispone para la posible revisión de las pensiones alimentarias antes de transcurrido el referido periodo de tres años, en los siguientes términos:

El Administrador o el tribunal, a solicitud de parte o a su discreción, podrá iniciar el procedimiento para revisar o modificar una orden de pensión alimentaria en cualquier momento y fuera del ciclo de tres (3) años, cuando entienda que existe justa causa para así hacerlo, tal como variaciones o cambios significativos o imprevistos en los ingresos, capacidad de generar ingresos, egresos, gastos o capital del alimentante o alimentista, o en los gastos, necesidades o circunstancias del menor, o cuando exista cualquier otra evidencia de cambio sustancial en circunstancias. 8 L.P.R.A. sec. 518.

Nuestro Tribunal Supremo ha llamado la atención a que un análisis de la antes mencionada disposición estatutaria revela las circunstancias que pueden constituir cambios sustanciales, esto es, que pueden llevar a la modificación de un decreto alimentario antes de que transcurran los tres años. En resumen, éstas son: (i) cuando están presentes cambios significativos o imprevistos en las circunstancias de cualquiera de las partes; (ii) cuando se desconocía información, por causas no imputables a la parte perjudicada por el decreto; (iii) cuando la aplicación de las guías mandatorias resulta en una cantidad diferente a la pensión corriente decretada en la orden o sentencia objeto de solicitud de modificación, o (iv) cuando existe una situación de salud de un alimentista menor o incapacitado. En resumen, estas son las "circunstancias" que, de ordinario, autorizan a un Examinador a entender en una solicitud de modificación de pensión alimentaria antes de que transcurran tres años de su vigencia. *McConnell v. Palau,* 161 DPR 734, 749 (2004).

Es decir, a petición de parte o por iniciativa del Administrador de ASUME o del propio tribunal, el estatuto permite, por vía de excepción, solicitar la revisión de la pensión alimentaria antes de transcurrido el periodo de tres años aludido, de existir justa causa para hacerlo. Se entiende por "justa causa" situaciones tales como "variaciones o cambios significativos o imprevistos en los ingresos, capacidad de generar ingresos, egresos, gastos o capital del alimentante o alimentista, o en los gastos, necesidades o circunstancias del menor, o cuando exista

cualquier otra evidencia de cambio sustancial en circunstancias". Art. 19(c) de la Ley de Sustento de Menores. *De León Ramos v. Navarro Acevedo*, 195 DPR 157 (2016).

En este contexto, se ha interpretado el concepto "justa causa" como aquel cambio importante que ocurre ya sea en la capacidad del alimentante para costear los alimentos del menor, o en las necesidades del alimentista. *McConnell v. Palau*, supra. Así pues, aun en aquellos casos en que las partes hayan estipulado el monto de la pensión, se les permite solicitar su variación *antes* de concluir el plazo de tres años, siempre y cuando ocurra "un *cambio sustancial* en las circunstancias que dieron lugar o que lo originaron". *De León Ramos v. Navarro Acevedo*, supra; *McConnell v. Palau*, supra.

### III. Aplicación del Derecho a los hechos

a.

La Regla 52.1 de Procedimiento Civil nos habilita para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia cuando, entre otras, se recurra de decisiones sobre *casos de relaciones de familia.* 32 L.P.R.A. R. 52.1, por lo que estaríamos autorizados en este caso para intervenir con la *Resolución* recurrida, si así decidiéramos ejercitar nuestra discreción. Es decir, la regla citada nos facultad a este foro intermedio para decidir sobre la expedición o denegatoria del recurso solicitado, no nos obliga a ello.

b.

Según adelantamos en el tracto procesal, el señor Ríos López argumenta que el TPI incidió al no ordenar revisar la pensión alimentaria, a pesar de haberse alegado un cambio sustancial en los ingresos de la señora Ramos Martínez (aumento de ingresos), y en los suyos propios (disminución de ingresos). En específico, juzga el peticionario que, ante la alegación sobre cambio sustancial en los ingresos de los alimentantes, el foro recurrido venía obligado a ordenar la

celebración de una vista evidenciaria para dilucidar el asunto, pero denegó tal solicitud sin conceder la oportunidad de probar lo alegado.

Contrario a lo afirmado por el peticionario, al examinar los fundamentos incluidos en la *Moción de Remedio* que dio lugar a la solicitud de revisión de pensión alimentaria antes de transcurrir el término de tres años para ello, y la posterior *Moción solicitando reconsideración*, no apreciamos que hubiese mediado el prejuicio, la pasión, parcialidad o el error manifiesto del foro recurrido que justificaría nuestra intervención. Es decir, las alegaciones contenidas en las referidas mociones del peticionario, que son reproducidas en el recurso de *certiorari* ante nosotros, no nos mueven a variar el curso decisorio del TPI.

En definitiva, ausentes los elementos que nos ubican en posición de intervenir con la determinación del foro primario cuya revocación se nos solicita, solo cabe denegar.

**IV. Parte dispositiva**

Según ya afirmado, decidimos denegar la expedición de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones