Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| KAREN CALDERÓN PEÑA<br><br>Parte Apelada<br><br>v.<br><br>JOSÉ LUIS JOURDAN PASTOR<br><br>Parte Apelante | TA2025AP00229 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>FDI20071028<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, el 23 de septiembre de 2025.

Comparece ante este Tribunal de Apelaciones el señor José Luis Jourdan Pastor (Sr. Jourdan Pastor; parte apelante) y nos solicita que revoquemos la *Resolución - Determinación Sobre Pensión Alimentaria* dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) emitida el 8 de julio de 2025 y notificada el 11 de julio de 2025.

Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos el dictamen apelado.

**I**

La señora Karen Calderón Peña (Sra. Calderón Peña; parte apelada) y el Sr. Jourdan Pastor procrearon dos hijos. En su divorcio se establecieron pensiones alimentarias para los dos hijos, ambos menores en aquel entonces. Posteriormente uno de los menores (JKJC) advino a la mayoría de edad; por tal motivo, el 28 de septiembre de 2023, el Sr. Jourdan Pastor solicitó al TPI se le relevara de la pensión para JKJC y además solicitó que revisara la pensión alimentaria para la aún menor KJJC. Luego de celebrada una vista evidenciaria, evaluado el expediente del caso y aquilatada la prueba presentada, el foro primario declaró Ha Lugar la petición de relevo el 25 de junio de 2024. Por tanto, determinó que

se modificaba entonces la pensión a $700.00 mensuales exclusivamente en beneficio de la menor KJJC más el pago de plan médico y el 50% de los gastos médicos extraordinarios no cubiertos por el plan, y adicionalmente refirió el caso al Oficial Examinador de Pensiones Alimentarias para realizar la revisión de pensión alimentaria de la menor.[1]

El Oficial Examinador llevó a cabo su encomienda y preparó un informe donde realizó determinaciones de hechos, conclusiones de derecho y expuso sus recomendaciones. En dicho informe el Oficial Examinador expuso las siguientes recomendaciones:

- Del 28 de septiembre de 2023 al 17 de marzo de 2024, una pensión alimentaria de $1,170.32[.]
- Del 25 de junio de 2024 al 21 de marzo de 2025, una pensión alimentaria mensual de $982.62.
- Del 22 de marzo de 2025 en adelante, una pensión alimentaria mensual de $1,209.09, a razón de $588.00 bisemanales, por medio de una Orden de Retención de Ingresos en el Origen (ORIO) a su patrono.

Además, que se ordene a las partes que los gastos universitarios (no cubiertos por la beca) y los gastos de salud no cubiertos por el plan médico de la menor (incluyendo terapias físicas), sean asumidos por razón de 58% el alimentante y 42% la promovente, mediante reembolso en el término de 20 días, previa notificación y presentación de evidencia de pago, teniendo 20 días desde que se incurrió en el gasto para presentar dicha evidencia, so pena de entenderse renunciados, salvo que medien circunstancias extraordinarias.[2]

En su *Resolución - Determinación Sobre Pensión Alimentaria*, el TPI aprobó e hizo formar parte de su dictamen el informe y recomendaciones presentadas por el Oficial Examinador de Pensiones Alimentarias. Por tanto, a la luz de lo citado, el TPI ordenó al apelante proveer a favor de la menor KJJC una pensión alimentaria mensual de $1,170.32, de 28 de septiembre de 2023 al 17 de marzo de 2024, $982.62, del 25 de junio de 2024 al 21 de marzo de 2025 y una pensión de $1,209.09, a razón de $558.00 bisemanales, del 22 de marzo en adelante. De igual manera, ordenó a las partes que "en cuanto a los gastos universitarios (no cubiertos por la beca) y los gastos de salud no cubiertos por el plan médico de la

---

[1] Apéndice del recurso, Apéndice 4.
[2] Apéndice del recurso, Apéndice 1, págs. 7-8.

menor (incluyendo terapias físicas), sean asumidos por razón de 58% el alimentante y 42% la promovente".[3] Esto último mediante reembolso en el término de 20 días, previa la presentación de evidencia de pago, concediendo 20 días desde que se incurrió en el gasto para presentar dicha evidencia, so pena de entenderse renunciados, con excepción de circunstancias extraordinarias. También estableció que la pensión alimentaria era efectiva desde 28 de septiembre de 2023.

Inconforme con lo anterior, el Sr. Jourdan Pastor acude ante nosotros mediante el recurso de epígrafe y nos expone los siguientes señalamientos de error:

> ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUS[Ó] DE SU [DISCRECIÓN] Y FUE ARBITRARIO AL CONSIDERAR EL GASTO DE HIPOTECA Y MANTENIMIENTO, CUANDO LA MENOR SE HOSPEDA Y DICHO GASTO ES PAGADO POR LA BECA.

> ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUS[Ó] DE SU [DISCRECIÓN] Y FUE ARBITRARIO AL DETERMINAR QUE ES RETROACTIVA LA PENSI[Ó]N AL 28 DE SEPTIEMBRE DE 2023.

El 10 de septiembre de 2025, la parte apelada compareció oportunamente mediante *Alegato en Oposisión a Apelación*, por lo cual el recurso quedó perfeccionado y listo para su adjudicación.

**II**

**A**

Se ha reiterado que "la obligación de satisfacer las pensiones alimentarias a favor de menores de edad está revestida del más alto interés público". *Umpierre Matos v. Juelle Abello*, 203 DPR 254, 265 (2019), que cita a *Díaz Ramos v. Matta Irizarry*, 198 DPR 916, 923 (2017); *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 711 (2014); *Ríos v. Narváez*, 163 DPR 611 (2004). Así se reconoce en la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501 *et seq.* (*Ley Orgánica de la*

---

[3] *Íd.*, pág. 3.

*Administración para el Sustento de Menores*). El Tribunal Supremo de Puerto Rico ha pautado que "el derecho de los hijos a recibir alimentos, y la correlativa obligación de los padres a darlos cuando corresponda, tienen su génesis en el derecho natural, en los lazos indisolubles de solidaridad humana y de profunda responsabilidad de la persona por los hijos que trae al mundo, que son valores de la más alta jerarquía ético-moral y que constituyen una piedra angular de toda sociedad civilizada". *Umpierre Matos v. Juelle Abello*, *supra*, pág. 266, que cita a *Arguello v. Arguello*, 155 DPR 62, 69 (2001).

El Artículo 590 del Código Civil de Puerto Rico, dispone que los progenitores tienen sobre los hijos sujetos a su patria potestad el deber de velar por ellos y tenerlos en su compañía, alimentarlos y proveerles lo necesario para su desarrollo y formación integral; inculcarle valores y buenos hábitos de convivencia y respeto a sí mismos y hacia los demás; corregirlos y disciplinarlos según su edad y madurez intelectual y emocional y castigarlo moderadamente o de una manera razonable; y representarlos en el ejercicio de las acciones que puedan redundar en su provecho y en aquellas en las que comparezcan como demandados. 31 LPRA sec. 7242. En casos de padres divorciados, una vez decretado el mismo, la obligación de alimentar a los hijos menores es una obligación personal de cada uno de los excónyuges que deberá ser satisfecha de su propio peculio. En estos casos, al fijar la pensión alimentaria de los menores, el tribunal deberá considerar el ingreso de ambos cónyuges a los fines de establecer la pensión que corresponda a tenor de las disposiciones de la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501 *et seq.* (Ley de Sustento de Menores), y las *Guías mandatorias para fijar y modificar pensiones alimentarias en Puerto Rico* (Guías), Reglamento Núm. 9535 de 15 de febrero de 2024.

La Ley de Sustento de Menores prescribe ciertas normas que rigen el proceso para fijar la pensión alimentaria. Se trata de normas cuyo

propósito primordial es que se logre establecer una pensión "justa y razonable" para beneficio del menor alimentista. En conformidad con las normas establecidas en la Ley de Sustento de Menores, se promulgaron las Guías. *Llorens Becerra v. Mora Monteserín*, 178 DPR 1003, 1017 (2010). La política pública de utilizar las Guías al momento de fijar, modificar o acordar una pensión alimentaria no significa que la pensión resultante se deba adjudicar de forma automática y mandatoria, sin más. Se presumirá que la pensión alimentaria resultante de la aplicación de las Guías es justa, adecuada y en el mejor interés del menor. No obstante, dicha presunción es controvertible y, por lo tanto, se permite prueba a los fines de rebatirla. *McConnell v. Palau*, 161 DPR 734, 754-755 (2004). Para ello, el TPI no está limitado a considerar únicamente la evidencia testifical o documental sobre los ingresos. *Argüello v. Argüello*, 155 DPR 62, 72 (2001).

Bajo la Ley de Sustento de Menores, para determinar la capacidad económica del alimentante y de la persona custodia, pueden considerarse ciertos factores, tales como el estilo de vida, su capacidad para generar ingresos, la naturaleza y cantidad de propiedades con que cuenta, la naturaleza de su empleo o profesión, y sus otras fuentes de ingreso. *Id.*, pág. 73. Tales factores pueden servir de base para imputarle ingresos al alimentante razonablemente, más allá de lo que este alegue o intente probar sobre el particular. Los gastos mensuales en que incurre el alimentante constituyen un factor en virtud del cual podrían imputársele ingresos, cuando tales gastos sobrepasan los ingresos informados. *Llorens Becerra v. Mora Monteserín*, *supra*, pág. 1020.

Una vez fijada la pensión alimentaria, esta permanecerá inalterada por tres (3) años, a excepción de que alguna de las partes presente solicitud de revisión que informe un cambio sustancial en su situación económica. 8 LPRA sec. 518. Asimismo, "el tribunal, a solicitud de parte o a su discreción, podrá iniciar el procedimiento para modificar una orden de pensión alimentaria en cualquier momento y fuera del ciclo de tres (3) años,

cuando entienda que existe justa causa para así hacerlo, tal como variaciones o cambios significativos o imprevistos en los ingresos, capacidad de generar ingresos, egresos, gastos o capital del alimentante o alimentista, o en los gastos, necesidades o circunstancias del menor, o cuando exista cualquier otra evidencia de cambio sustancial en circunstancias". 8 LPRA sec. 518 (d). En cuanto a su efectividad, el Artículo 19(b) reza lo siguiente:

> […] Los pagos por concepto de pensiones alimentarias y de aumentos en las mismas serán efectivos desde la fecha en la que se presente en el Tribunal o en ASUME, la petición de alimentos o la petición de aumento de pensión alimentaria. Bajo ninguna circunstancia el tribunal, el Administrador o el Juez Administrativo reducirán la pensión alimentaria sin que el alimentante haya presentado una petición a tales efectos, previa notificación al alimentista o acreedor. La reducción de la pensión alimentaria será efectiva desde la fecha en la que el Tribunal, el Administrador o el Juez Administrativo decida sobre la petición de reducción o el Administrador modifique la pensión establecida conforme al reglamento de revisión periódica que se adopte para los casos en los que los menores alimentistas son beneficiarios de asistencia pública. […] 8 LPRA sec. 518 (b).

**III**

La parte apelante acude ante este foro revisor y arguye que el TPI abusó de su discreción y fue arbitrario en su resolución sobre revisión de pensión por considerar los gastos de vivienda mientras que la menor se hospeda en la universidad y estos gastos de hospedaje son completamente cubiertos por su beca universitaria. Además, adujo que nuevamente el TPI abusó de su discreción y fue arbitrario al dictar que el aumento de la pensión era retroactivo al 28 de septiembre de 2023. Concluimos que al apelante no le asiste la razón en ninguno de los dos señalamientos. Veamos.

En cuanto a su primer señalamiento resulta pertinente mencionar que el Oficial Examinador añadió en su informe una nota al calce en el desglose de gastos referente a la vivienda y mencionó que "[e]l alimentante objetó el gasto de vivienda argumentando que la menor se hospeda gratuitamente en la Universidad, lo que representa su vivienda. Del testimonio de la madre custodia surge claramente que el domicilio de la

menor es en la vivienda que se reclama como gasto, por lo que se considera como parte de la pensión alimentaria suplementaria."[4] Ello implica que la vivienda principal de la menor continúa siendo el hogar computado en el desglose. Además, al amparo de las Guías, los gastos de hospedaje se computan en los gastos por concepto de educación.[5]

Referente a su segundo señalamiento de error, la parte apelante plantea que fue erróneo pautar la efectividad de la pensión a favor de la menor KJJC a partir del 28 de septiembre de 2023, fecha en que se presentó la petición de revisión. En cambio, la precitada *Ley Orgánica de la Administración para el Sustento de Menores* en su Artículo 19(b) establece que los aumentos de pensión son efectivos a partir de la fecha de su petición. En cambio, las reducciones son efectivas a partir de la determinación dictada por el Tribunal, el Administrador o el Juez Administrativo. En el caso de autos, el foro primario había establecido el 25 de junio de 2024 en su *Resolución – Relevo de Pensión Alimentaria* que la pensión a favor de la menor fuera de $700.00 más el 50% de los gastos médicos extraordinarios no cubiertos por el plan médico y refirió el caso a revisión según solicitado en la petición presentada por el apelante. Luego de revisada, se estableció que la pensión para el periodo del 28 de septiembre de 2023 al 17 de marzo de 2024 era de $1,170.32 y del 25 de junio de 2024 al 21 de marzo de 2025 una pensión alimentaria mensual de $982.62. Estas cifras se traducen a un aumento de los $700.00 previamente pautados, por lo cual su efectividad corresponde a la fecha de petición que fue el 28 de septiembre de 2023. Por tanto, determinamos que nuevamente al apelante no le asiste la razón.

Luego de un ponderado examen de los autos del caso, concluimos que del mismo no surge evidencia para diferir del dictamen apelado. El expediente está huérfano de fundamentos serios que nos lleven a rebatir la determinación del Tribunal impugnado, en su aplicación del Derecho a la

---

[4] Apéndice del recurso, Apéndice 1, pág. 6.
[5] Véase Artículo 17 (3)(b) de las *Guías mandatorias para fijar y modificar pensiones alimentarias en Puerto Rico*, Reglamento Núm. 9535 de 15 de febrero de 2024.

controversia sobre el pago retroactivo de la pensión alimentaria. Por tal motivo, confirmamos. Por último, declaramos No Ha Lugar la solicitud de imposición de costas y honorarios de abogado presentada por la parte apelada en su alegato.

**IV**

Por los fundamentos anteriormente esbozados, confirmamos la *Resolución* apelada.

**Notifíquese**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones