EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dalia G. Rodríguez Rivera<br><br>Peticionaria<br><br>v.<br><br>Ángel M. De León Otaño<br><br>Recurrido | Certiorari<br><br>2014 TSPR 123<br><br>191 DPR ____ |

Número del Caso: CC-2013-295

Fecha: 9 de octubre de 2014

Tribunal de Apelaciones:

Región Judicial de Caguas, Panel X

Abogado de la Parte Peticionaria:

Lcdo. Felipe Sanabria Quiñones

Abogada de la Parte Recurrida:

Lcda. Nilsa L. García Cabrera

Materia: Ley Interestatal Uniforme de Alimentos entre Parientes – jurisdicción de los tribunales en Puerto Rico

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dalia G. Rodríguez Rivera<br><br>Peticionaria<br><br>v.<br><br>Ángel M. De León Otaño<br><br>Recurrido | CC-2013-0295 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 9 de octubre de 2014

En esta ocasión debemos considerar si el Tribunal de Primera Instancia tiene jurisdicción para atender un caso interestatal de pensión de alimentos presentado en virtud de la Ley Interestatal Uniforme de Alimentos entre Parientes (L.I.U.A.P.), Ley Núm. 180 de 20 de diciembre de 1997, 8 L.P.R.A. sec. 541 *et seq*.

Pasemos a resumir los hechos que sirven de trasfondo a la controversia ante nuestra consideración.

I

El 14 de diciembre de 2007 el señor Ángel M. De León Otaño y la señora Dalia G. Rodríguez Rivera se divorciaron bajo la causal de consentimiento mutuo. En la sentencia de divorcio emitida por el Tribunal de Primera Instancia se estipuló que la señora Rodríguez Rivera iba a retener la custodia de los menores y la patria potestad iba a ser compartida entre ambos. A su vez, se estipuló

una pensión alimentaria de $351 dólares quincenales a ser pagada por el señor De León Otaño.

Posteriormente, el 15 de enero de 2010 la señora Rodríguez Rivera presentó ante el Tribunal de Primera Instancia una *Moción sobre Revisión de Alimentos*. Alegó que procedía la revisión de la pensión alimentaria debido a que el señor De León Otaño sufrió un cambio en sus ingresos al haber ingresado en el ejército en marzo de 2009. El asunto fue referido a una examinadora de pensiones alimentarias.

El 12 de abril de 2010 la representación legal del señor De León Otaño presentó una *Moción Asumiendo Representación Legal, Solicitud de Transferencia de Vista y Solicitud de Término para expresar nuestra Posición por Escrito*. En la misma indicó que su cliente no residía en Puerto Rico porque residía en una base militar en Oklahoma y que éste había recibido una citación para una vista ante la examinadora de pensiones alimentarias a la dirección postal de sus progenitores. Entre otras cosas, solicitó que el tribunal le concediera un término para exponer su posición sobre la competencia y jurisdicción del tribunal. A su vez, sostuvo que no procedía la revisión solicitada por no haber ocurrido un cambio sustancial en el salario del señor De León Otaño que ameritara la revisión de la pensión alimentaria.

El 7 de junio de 2010, en la vista sobre revisión de pensión alimentaria, se aclaró que el señor De León Otaño tenía un contrato con el ejército por un término de dos

años. Además, la examinadora de pensiones alimentarias sugirió una pensión de $971.00 mensuales. No obstante, refirió el caso al juez indicando que ella no podía intervenir en el mismo porque el señor De León Otaño no residía en Puerto Rico.[1]

Luego de varios trámites procesales, el 28 de febrero de 2011 se celebró una vista de imposición de pensión a la cual no compareció el señor De León Otaño, ni su representante legal.[2] De la minuta surge que el señor De León Otaño no había pagado una sanción impuesta por el tribunal el 16 de noviembre de 2010, como tampoco se había expresado dentro del término ordenado sobre la pensión sugerida por la Examinadora en su informe del 7 de junio de 2010. En esa vista, el tribunal le impuso la pensión de $971 mensuales retroactiva a junio de 2010. Surge del expediente que el 14 de diciembre de 2011 hubo

---

[1] La Examinadora de Pensiones Alimentarias se fundamentó en el artículo 15 (1) de la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, 8 L.P.R.A. sec. 514. En lo pertinente, el artículo 15 (1) dispone que:

> Procedimiento judicial expedito- Notificación de la acción
>
> (1)
>
> (a) Al presentarse en el tribunal una petición o escrito sobre la obligación de prestar alimentos a menores, incluso aquéllas en que se reclamen alimentos para un o una cónyuge, ex cónyuge u otro pariente que tenga la custodia de los menores, y la parte promovida resida en el Estado Libre Asociado de Puerto Rico, el secretario del tribunal procederá de inmediato a señalar la vista ante el Examinador.

[2] Se informó que la representante legal estaba enferma y no podía comparecer.

una vista de seguimiento a la cual no compareció el señor De León Otaño, ni su representante legal. En la misma se indicó que el diligenciamiento de la orden de arresto contra el señor De León Otaño fue negativo, por lo cual la representación legal de la señora Rodríguez Rivera solicitó que se hicieran las gestiones a través del trámite interestatal. El tribunal refirió el asunto a la Unidad de Alimentos Recíprocos de la Administración para el Sustento de Menores (A.S.U.M.E.).

Posteriormente, el 6 de junio de 2012 en una nueva vista de seguimiento, el señor De León Otaño, por medio de su representación legal, presentó varias mociones, entre éstas una titulada: *Moción Solicitando Créditos* y otra denominada *Impugnación de Resolución de Alimentos y Solicitud de Relevo de Sentencia por Falta de Jurisdicción y Violación al Derecho al Debido Proceso de Ley*. En la moción de impugnación el señor De León Otaño alegó que el tribunal no había adquirido jurisdicción sobre su persona porque él era un no residente que no se había sometido a la jurisdicción del tribunal y no había sido notificado personalmente. Asimismo, indicó que erró el tribunal al no remitir el caso a la División de Alimentos Interestatales de A.S.U.M.E. para cualquier trámite ulterior relacionado a la pensión, pues el padre era un no residente y militar sobre el cual no se tenía jurisdicción. A su vez, expresó que la pensión impuesta era incorrecta por un error matemático cometido por los funcionarios judiciales. Por otro lado, surge de la

minuta de la vista que el Tribunal hizo constar que no podía referir el caso a la examinadora porque ésta no tenía jurisdicción debido a que el señor De León Otaño no residía en Puerto Rico.

Como resultado de las mociones presentadas por el señor De León Otaño, el foro primario concedió el crédito solicitado por éste, dejó sin efecto la orden de desacato emitida y le concedió un término a la señora Rodríguez Rivera para que se expresara sobre la moción impugnando la resolución de alimentos. El 21 de junio de 2012 la señora Rodríguez Rivera presentó una *Moción en Torno a Solicitudes del Promovido Ángel M. De León Otaño*.

Examinadas ambas mociones, el 9 de julio de 2012 el tribunal emitió una Resolución mediante la cual declaró no ha lugar la moción de impugnación y solicitud de relevo de sentencia presentada por el señor De León Otaño. Igualmente, en reconsideración, declaró no ha lugar la moción solicitando créditos. Por último, señaló una vista de desacato para el 10 de octubre de 2012. Celebrada la vista, el foro primario encontró al señor De León Otaño incurso en desacato por su incumplimiento con el pago de pensión con una deuda de $8,398.00, y concedió una partida de honorarios de abogado.[3]

Insatisfecho, el 8 de enero de 2013 el señor De León Otaño presentó un recurso de revisión ante el Tribunal de Apelaciones. Alegó que había errado el Tribunal de

---

[3] La Resolución del Tribunal de Primera Instancia fue notificada el 6 de diciembre de 2012.

Primera Instancia al dejar sin efecto la concesión del crédito y al determinar que tenía jurisdicción sobre el asunto ante su consideración y sobre su persona. El 15 de febrero de 2013 el Tribunal de Apelaciones revocó la resolución emitida por el Tribunal de Primera Instancia en la vista de desacato. El tribunal apelativo intermedio entendió que el Tribunal de Primera Instancia no tenía jurisdicción sobre la materia al tratarse de un alimentante no residente en Puerto Rico, a base del artículo 9.904 de la Ley Interestatal Uniforme de Alimentos entre Parientes (L.I.U.A.P.), Ley Núm. 180 de 20 de diciembre de 1997, 8 L.P.R.A. sec. 548c.[4]

Como consecuencia, sostuvo que carecía de jurisdicción con respecto al cobro de la pensión corriente y de cualquier atraso en el pago de pensión. Por lo anterior, ordenó el traslado de la revisión de pensión a A.S.U.M.E. para que se resolviera lo planteado ante el foro judicial y continuaran los procedimientos relativos a la pensión alimentaria. La señora Rodríguez Rivera presentó una solicitud de reconsideración ante el Tribunal de Apelaciones, la cual fue declarada no ha lugar.

---

[4] El artículo 9.904, 8 L.P.R.A. sec. 548c, dispone lo siguiente:

> El Tribunal General de Justicia será el foro apropiado para los casos interestatales presentados antes del 1ro de julio de 1995 y la Administración para el Sustento de Menores será el foro apropiado para aquellos que surjan a partir de dicha fecha.

8 L.P.R.A. sec. 548c.

Inconforme, la señora Rodríguez Rivera recurrió ante este Tribunal mediante un recurso de *certiorari* en el cual nos solicita que revoquemos la sentencia emitida por el foro apelativo intermedio. En el recurso presentado, alega que el Tribunal de Apelaciones erró al no reconocer la jurisdicción continua y exclusiva del Tribunal de Primera Instancia sobre la pensión alimentaria objeto de este caso. A su vez, señala que erró el foro apelativo intermedio al determinar que el señor De León Otaño es un alimentista que no reside en Puerto Rico sin haber prueba suficiente en el expediente sobre ese particular.

Planteada así la controversia, expedimos el auto solicitado. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

A

Este Tribunal ha definido el término jurisdicción como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *Municipio Autónomo de San Sebastián et al. v. QMC Telecom, LLC; Oficina de Gerencia de Permisos y otros,* 2014 T.S.P.R. 45, 5; 190 D.P.R. ____ (2014); *Gearheart v. Haskell Burress,* 87 D.P.R. 57, 61 (1963). Toda vez que los foros judiciales de Puerto Rico son tribunales de jurisdicción general, éstos tienen autoridad para entender cualquier causa de acción que presente una controversia propia para adjudicación, a menos que no tengan jurisdicción sobre la

materia. *Junta Dir. Cond. Montebello v. Fernández*, 136 D.P.R. 223, 230 (1994).

Jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". Javier A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño* 25 (2010). Ésta no puede ser otorgada por las partes y el tribunal tampoco puede abrogársela. *Id*. Sólo el Estado, a través de sus leyes, puede otorgar o privar de jurisdicción sobre la materia a un tribunal. *Unisys Puerto Rico, Inc. v. Ramallo Bros. Printing, Inc.*, 128 D.P.R. 842, 862 n. 5 (1991). En otras palabras, "para privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria". Demetrio Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme* 582 (3ra ed. 2013); *Véase además Junta Dir. Cond. Montebello v. Fernández*, 136 D.P.R. 223 (1994).

B

En el ámbito del derecho administrativo, cuando el Estado delega funciones gubernamentales a las agencias administrativas, puede haber incertidumbre con respecto a qué foro, si el judicial o administrativo, tiene jurisdicción original para dilucidar una controversia que surja en relación a la función delegada. En esos casos, para determinar qué foro tiene jurisdicción original

hemos utilizado la doctrina de jurisdicción primaria. *Aguilú Delgado v. P.R. Parking System*, 122 D.P.R. 261, 266 (1941). Esta doctrina tiene dos vertientes: la jurisdicción primaria exclusiva y la jurisdicción primaria concurrente. *Id*. La jurisdicción primaria exclusiva o jurisdicción estatutaria ocurre cuando la Asamblea Legislativa, por medio de un estatuto, le confiere jurisdicción exclusiva a un organismo administrativo. En ese caso, "la jurisdicción exclusiva conferida al organismo no admite ningún otro medio de solución, ajuste o prevención. . . . No se trata de una jurisdicción compartida o concurrente. Es por el contrario, una jurisdicción sobre la materia que el legislador ha depositado en el ámbito jurisdiccional de la agencia de forma exclusiva". Fernández Quiñones, *supra*, pág. 575. Como resultado, los tribunales quedan excluidos de intervenir en primera instancia en los asuntos o materias sobre los cuales se le ha conferido la jurisdicción exclusiva a la agencia.

Por otro lado, la doctrina de jurisdicción primaria concurrente ocurre cuando la ley permite que la reclamación se inicie en el foro administrativo o en el judicial. *Aguilu Delgado*, 122 D.P.R. en la pág. 266. Sin embargo, se le cede la primacía al órgano administrativo y, como consecuencia, ocurre un "aplazamiento de interacción por parte del Tribunal hasta que se proceda a resolver finalmente por la agencia". Fernández Quiñones, *supra*, pág. 563. Algunas de las razones por las cuales se

justifica la deferencia a la agencia administrativa en casos de jurisdicción primaria concurrente son: "la destreza o pericia de la agencia, la prontitud usual del proceso de decisión [y] el uso de técnicas de adjudicación más flexibles". *Ferrer Rodríguez v. Figueroa*, 109 D.P.R. 398, 402 (1980). Al aplicar esta doctrina "no es aconsejable establecer normas uniformes, aplicables a todas las agencias y a todos sus casos. Cada situación exige conjugar estos factores y considerar las circunstancias que apuntan o no a la conveniencia de permitir que la controversia se dilucide inicialmente en el foro administrativo". *Id*.

Hemos reiterado que "la doctrina [de jurisdicción primaria] no es una camisa de fuerza, y bajo ciertas circunstancias hemos reconocido su inaplicabilidad". *Consejo Titulares v. Gómez Estremera*, 184 D.P.R. 407, 430 (2012) *haciendo referencia a Ortiz v. Panel F.E.I.*, 155 D.P.R. 219, 246 (2001). Esta doctrina no aplica cuando "la naturaleza de la causa de acción presentada y el remedio solicitado destacan que no se presenten cuestiones de derecho que exijan el ejercicio de discreción y de peritaje administrativo, es decir, cuando la cuestión que se plantea sea puramente judicial". *Consejo Titulares v. Gómez Estremera*, 184 D.P.R. 407, 430-431 (2012) *haciendo referencia a Ortiz v. Panel F.E.I.*, 155 D.P.R. 219, 246 (2001); *Véase* Fernández Quiñones, *supra*, pág. 570. En síntesis, si se determina que a la agencia se le concedió jurisdicción estatutaria

exclusiva, no es necesario hablar de la doctrina de jurisdicción primaria concurrente. *Fernández Quiñones*, *supra*, pág. 574.

C

Un tribunal tiene el deber de interpretar los estatutos aplicables a la controversia ante su consideración. R. Elfrén Bernier y José A. Cuevas Segarra, *Aprobación e Interpretación de las Leyes en Puerto Rico* 241 (2da ed. 1987). En este caso nos corresponde interpretar la Ley Interestatal Uniforme de Alimentos entre Parientes, Ley Núm. 180 de 20 de diciembre de 1997, 8 L.P.R.A. sec. 541 *et seq*. Al ejercer nuestro rol de interpretar esta ley debemos tener presente que "cualquier interpretación de ley que conduzca a una conclusión absurda, ha de ser rechazada, pues al ejercer nuestra función interpretativa, estamos obligados a armonizar, en la medida posible, todas las disposiciones de ley involucradas en aras de obtener un resultado más sensato, lógico y razonable". *Consejo Titulares v. Gómez Estremera*, 184 D.P.R. 407, 429 (2012). Veamos.

En nuestro ordenamiento, está firmemente establecido que "los casos relacionados con los alimentos de menores están revestidos de un alto interés público". *Peña v. Warren*, 162 D.P.R. 764, 773 (2004). A su vez, hemos reconocido que "la obligación de los progenitores de proveer alimentos a sus hijos menores de edad es parte esencial del derecho a la vida". Const. P.R. Art. II,

sec. 7; *Ríos v. Narváez*, 163 D.P.R. 611, 617 (2004). Por lo anterior, la Asamblea Legislativa ha legislado para "procurar que los padres o las personas legalmente responsables contribuyan. . . . a la manutención y bienestar de sus hijos o dependientes mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias". Ley Orgánica de la Administración para el Sustento de Menores, según enmendada, Ley Núm. 5 de 30 de diciembre de 1986, 8 L.P.R.A. sec. 502.

Con miras a cumplir con ese propósito, el 20 de diciembre de 1997, la Asamblea Legislativa aprobó la Ley Interestatal Uniforme de Alimentos entre Parientes (L.I.U.A.P.), Ley Núm. 180 de 20 de diciembre de 1997, 8 L.P.R.A. sec. 541 *et seq.*, incorporando, a su vez, la Interstate Uniform Family Support Act (U.I.F.S.A.) y derogando la Ley Núm. 71 de 20 de junio de 1956, según enmendada, conocida como "Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos". La U.I.F.S.A. es un estatuto modelo aprobado por el National Conference of Commissioners on Uniform State Laws que el gobierno federal requirió que se adoptara como requisito para recibir fondos federales para los Programas de Sustento de Menores y Asistencia Pública. Exposición de Motivos de la Ley Núm. 180 del 20 de diciembre de 1997;

*Véase Aponte v. Barbosa Dieppa*, 146 D.P.R. 558, 566-567 (1998).

Este requisito se impuso debido a que en casos interestatales - donde una de las partes es un no residente o cuando el caso involucra a dos estados - el procesamiento de los casos entre los estados involucrados era confuso y complejo. El proceso se caracterizaba por una falta de coordinación y uniformidad que afectaba la comunicación y cooperación entre los estados. Por lo anterior, además de establecer uniformidad en el proceso, la L.I.U.A.P. "permite al estado con jurisdicción sobre las partes en casos de reclamaciones de alimentos interestatales llevar a cabo procedimientos administrativos o judiciales para emitir órdenes contra estas partes, a ser cumplidas en otro estado, sin necesidad de recurrir a la intervención de ese otro estado". Exposición de motivos de la Ley Núm. 180 del 20 de diciembre de 1997.

Con respecto al término residencia utilizado en la L.I.U.A.P., se entiende que una persona reside en un lugar cuando "se encuentra [en el lugar], durante cierto período de tiempo, accidental o incidentalmente, sin tener necesariamente la intención de domiciliarse allí". S.*L.G. Sola-Maldonado v. Bengoa Becerra*, 182 D.P.R. 675, 688 (2011); *Véase* E. Vázquez Bote, *Concepto del domicilio en el Derecho puertorriqueño*, 61 Rev. Jur. U.P.R. 25, 57 (1992). Por tanto, en cuanto a la L.I.U.A.P. residencia no es equivalente a domicilio, sino que "el domicilio

supone una proyección temporal, conforme con la nota de habitualidad, mientras que la residencia se define por el hecho de estar". S.*L.G. Sola-Maldonado*, 182 D.P.R. en la pág. 688 (2011) *citando a* E. Vázquez Bote, *Concepto del domicilio en el Derecho puertorriqueño*, 61 Rev. Jur. U.P.R. 25, 50 (1992).

En síntesis, esta ley se aprobó para "establecer uniformidad en la fijación y ejecución de obligaciones alimentarias entre personas que residen en diferentes estados con el propósito de proteger y hacer valer los derechos de los menores". Exposición de Motivos de la Ley Núm. 180 del 20 de diciembre de 1997. Sobre la L.I.U.A.P este Tribunal ha expresado que "es un estatuto de carácter esencialmente remedial, cuyo propósito es establecer un sistema procesal uniforme para posibilitar la ejecución de una orden de pensión alimentaria de un estado a otro". *Aponte*, 146 D.P.R. en las págs. 569-570. Asimismo, la L.I.U.A.P. "establece un sistema de una sola orden, el cual se apoya en el principio de la jurisdicción continua y exclusiva del tribunal que emite una orden de pensión alimentaria o una determinación de filiación". *Id.* págs. 571-572; *Véase* S.L.G. *Sola-Maldonado v. Bengoa Becerra,* 182 D.P.R. 675 (2011).

Por consiguiente, resulta imprescindible determinar qué tribunal tiene autoridad para atender casos interestatales de pensión de alimentos bajo la L.I.U.A.P. Esta ley define tribunal como "un tribunal, corte, agencia administrativa o entidad cuasijudicial **autorizada**

**para establecer, ejecutar o modificar una orden de pensión alimentaria o para establecer filiación".** 8 L.P.R.A. sec. 541 (22)(Énfasis suplido). En particular, en el artículo 1.102 de la L.I.U.A.P. se indica qué instituciones se consideran tribunales de Puerto Rico para efectos de esta ley: **el Tribunal General de Justicia y la Administración para el Sustento de Menores** [A.S.U.M.E.].[5] 8 L.P.R.A. sec. 541a (Énfasis suplido). Sobre lo anterior, las anotaciones a U.I.F.S.A señalan que "[t]he enacting state must identify the court, administrative agency, or the combination of those entities which constitute the tribunal or tribunals authorized to deal with family support. In a particular state there may be several different such entities authorized to determine family support matters". 9 *Uniform Laws Annotated*, Interstate Family Support Act (1996) sec. 102 en la pág. 323.

Asimismo, y cónsono con lo anterior, una mayoría de los artículos de la L.I.U.A.P., que proveen variados servicios a los ciudadanos que se acogen a ésta, no distinguen entre el Tribunal General de Justicia y A.S.U.M.E.[6] A modo de ilustración, en el artículo 2.201 de

---

[5] En específico, el artículo 1.102, 8 L.P.R.A. sec. 541a, dispone lo siguiente:

> "El Tribunal General de Justicia y la Administración para el Sustento de Menores creada por las secs. 501 et seq. de este título serán los tribunales de Puerto Rico".

[6] Algunos de los artículos que no distinguen entre ambos foros son: Art. 2.202, 8 L.P.R.A. sec. 542a; Art. 2.204, 8 L.P.R.A. sec. 542c; Art. 2.207, 8 L.P.R.A. sec. 542f;

la L.I.U.A.P. se indica que **el tribunal de Puerto Rico** adquirirá jurisdicción sobre una persona no residente en procedimientos para fijar, ejecutar o modificar una pensión alimentaria o para establecer la filiación de un menor.[7] 8 L.P.R.A. sec. 542. Surge del artículo anterior que la L.I.U.A.P. reconoce, según la definición de tribunales de la propia ley, que tanto el Tribunal General de Justicia como A.S.U.M.E. pueden adquirir

---

Art. 3.316, 8 L.P.R.A. sec. 543o; Art. 4.401, 8 L.P.R.A. sec. 544.

[7] En específico, el artículo 2.201 de la L.I.U.A.P., 8 L.P.R.A. sec. 542, dispone lo siguiente:

"En un procedimiento para fijar una pensión alimentaria, ejecutar o modificar una orden de pensión alimentaria o para establecer la filiación de un menor, el tribunal de Puerto Rico adquirirá jurisdicción sobre la persona, el tutor o encargado no residente cuando:
(1) La persona es emplazada personalmente en Puerto Rico;
(2) la persona se somete voluntariamente a la jurisdicción, en forma expresa o tácita, al consentir o comparecer o al presentar una alegación respondiente que tenga el efecto de renunciar a la defensa de falta de jurisdicción sobre su persona;
(3) la persona residió en Puerto Rico con el menor;
(4) la persona residió en Puerto Rico y proveyó gastos prenatales o alimentos para el menor;
(5) el menor reside en Puerto Rico como resultado de actos o directrices de la persona;
(6) la persona sostuvo relaciones sexuales en Puerto Rico y el menor pudo haber sido concebido de esa relación sexual;
(7) la persona reconoció e inscribió al menor conforme dispone la ley, o
(8) existe cualquier otro fundamento consistente con la Constitución del Estado Libre Asociado de Puerto Rico y de los Estados Unidos para adquirir jurisdicción sobre la persona".

8 L.P.R.A. sec. 542.

jurisdicción sobre un no residente para, entre otras cosas, fijar una pensión alimentaria. A su vez, la L.I.U.A.P. también establece que el tribunal de Puerto Rico, bajo las disposiciones de la ley, puede servir como tribunal iniciador para remitir los procedimientos a otro estado o como tribunal recurrido. 8 L.P.R.A. sec. 542b.[8]

Igualmente, en su artículo 3.310 la L.I.U.A.P. establece los deberes de A.S.U.M.E. y dispone que la agencia deberá "[c]ompilar y mantener [una lista] actualizada de los tribunales en Puerto Rico con jurisdicción sobre los procedimientos que establece este capítulo y de las agencias relacionadas con los programas de sustento de menores en Puerto Rico", al igual que "remitir al tribunal con competencia en Puerto Rico del lugar en que reside el alimentista o alimentante o donde se estima que existen bienes del alimentante, todos los documentos relacionados con los procedimientos bajo las disposiciones de este capítulo que ha recibido de un tribunal iniciador o de la agencia de información del estado iniciador". 8 L.P.R.A. sec. 543i. Como se puede observar, por medio del artículo 3.310, 8 L.P.R.A. sec. 543i, se designa a A.S.U.M.E. como la agencia de información estatal y se reconoce que los tribunales de Puerto Rico pueden tener jurisdicción sobre los procedimientos que la L.I.U.A.P. provee, al ordenarle a la agencia a mantenerlos en una lista, entre otras cosas.

_____

[8] Sobre los deberes del tribunal iniciador *véase* 8 L.P.R.A. sec. 543c; sobre los deberes del tribunal recurrido *véase* 8 L.P.R.A. sec. 543d.

Por lo tanto, conforme a las disposiciones de la L.I.U.A.P., tanto el Tribunal de Primera Instancia como A.S.U.M.E. tienen jurisdicción para atender casos interestatales de pensión de alimentos. Es decir, en casos interestatales de pensión de alimentos aplica la doctrina de jurisdicción primaria concurrente.

### III

Discutida la normativa aplicable, pasemos a resolver la controversia ante nuestra consideración.

En este caso la señora Rodríguez Rivera sostiene que erró el Tribunal de Apelaciones al determinar que el señor De León Otaño es un alimentista que no reside en Puerto Rico. En su argumentación la señora Rodríguez Rivera equipara los términos domicilio y residencia e indica que el mero hecho de estar destacado fuera de Puerto Rico cumpliendo servicio militar no cambia la residencia de la persona. No le asiste la razón.

Según señalamos, el concepto de residencia en la L.I.U.A.P. no equivale a domicilio, *S.L.G. Sola-Maldonado*, 182 D.P.R. en la pág. 688, y residencia se refiere el lugar en el cual una persona "se encuentra, durante cierto período de tiempo, accidental o incidentalmente, sin tener necesariamente la intención de domiciliarse allí", E. Vázquez Bote, *Concepto del domicilio en el Derecho puertorriqueño*, 61 Rev. Jur. U.P.R. 25, 57 (1992). *Véase* S.*L.G. Sola-Maldonado*, 182 D.P.R. en la pág. 688. Por lo tanto, coincidimos con el Tribunal de Apelaciones en que al momento de presentarse

la revisión de pensión el señor De León Otaño era un no residente de Puerto Rico. La señora Rodríguez Rivera reconoció que solicitaba la revisión de la pensión porque el señor De León Otaño estaba en el ejército y surge del expediente que en varias vistas el señor De León Otaño no pudo comparecer por estar cumpliendo con su contrato. Además, en el alegato de la señora Rodríguez Rivera ésta reconoce que al momento de instarse la solicitud para revisar la pensión el señor De León Otaño estaba destacado en Oklahoma por razón de servicio militar. Alegato de la Peticionaria en la pág. 27. Consecuentemente, la acción de revisión de pensión alimentaria presentada por la señora Rodríguez Rivera es una acción interestatal y le aplica la L.I.U.A.P.

Resuelto lo anterior, resta por determinar si el Tribunal General de Justicia tiene jurisdicción sobre la materia en esta controversia. El Tribunal de Apelaciones concluyó que el Tribunal no tiene jurisdicción sobre la materia a base del artículo 9.904 de la L.I.U.A.P., 8 L.P.R.A. sec. 548c, el cual dispone que "[e]l Tribunal General de Justicia será el foro apropiado para los casos interestatales presentados antes del 1ro de julio de 1995 y la Administración para el Sustento de Menores será el foro apropiado para aquellos que surjan a partir de dicha fecha". Es decir, entendió que el legislador privó al Tribunal General de Justicia de jurisdicción sobre la materia en los casos interestatales presentados luego del

1ro de julio de 1995 y se la otorgó exclusivamente a A.S.U.M.E. No tiene razón.

Las leyes no pueden interpretarse tomando aisladamente sus disposiciones o secciones, sino que se deben considerar todas en conjunto, al igual que su propósito. Como vimos, de un análisis de la L.I.U.A.P. en su totalidad se desprende que mediante esta legislación se le concede jurisdicción a ambos foros – a A.S.U.M.E. y al Tribunal- para llevar a cabo los distintos procedimientos que provee la ley desde su inicio. El artículo 9.904 es el único artículo en la Ley en que se hace alguna distinción sobre la autoridad para atender casos interestatales de pensión de alimentos, sólo para establecer que A.S.U.M.E. será el "foro apropiado" para atender casos interestatales de pensión de alimentos a partir del 1ro de julio de 1995. Esto significa que A.S.U.M.E. es el foro más conveniente para atender los casos a partir de esa fecha y no que es el foro con jurisdicción exclusiva. De hecho, la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, 8 L.P.R.A. sec. 501 *et seq.*, tampoco le concede jurisdicción exclusiva a A.S.U.M.E. en casos interestatales. Sólo provee que A.S.U.M.E. prestará sus servicios "cuando reciba un referido interestatal bajo la. . . .'Ley Uniforme de Alimentos Interestatales' o reciba una petición interestatal de una agencia que administre un plan estatal aprobado por el gobierno

federal bajo el Título IV, Parte D". 8 L.P.R.A. sec. 504b. Incluso, reconoce que el tribunal puede actuar como tribunal iniciador a tenor con la L.I.U.A.P. 8 L.P.R.A. sec. 523.

No es razonable concluir que a pesar de que la Asamblea Legislativa dispuso que el Tribunal General de Justicia constituye un "tribunal" para efectos de la L.I.U.A.P., por lo que tiene "autoridad para establecer, ejecutar o modificar una orden de pensión alimentaria o para establecer filiación", 8 L.P.R.A. sec. 541a, a la vez, le haya privado de jurisdicción. Sostener que el Tribunal General de Justicia carece de jurisdicción en casos interestatales de pensión de alimentos y privarle al menor de un foro en el cual puede ejercer su derecho a reclamar alimentos resultaría inconsistente con las disposiciones de la L.I.U.A.P. y los mejores intereses del menor.  Por ende, al analizar el artículo 9.904 en conjunto con las demás disposiciones de la Ley, entendemos que aplica la doctrina de jurisdicción primaria concurrente. De hecho, esta doctrina permite que un tribunal remita una controversia a la agencia administrativa siempre que el tribunal concluya que de esa manera se sirven mejor los intereses de las partes afectadas y la política pública que enuncia la Ley. *Ríos v. Narváez Calderón*, 163 D.P.R. 611 (2004).[9]

---

[9] Por los fundamentos expresados, discrepamos de la interpretación de la licenciada Sarah Torres Peralta, citada con aprobación en la Sentencia del Tribunal de Apelaciones, quien sostiene que A.S.U.M.E. tiene

En resumidas cuentas, el Tribunal General de Justicia tiene jurisdicción sobre la materia en casos interestatales bajo la L.I.U.A.P. y, debido a que tanto el foro judicial como el foro administrativo se consideran tribunales de Puerto Rico para efectos de esta Ley, existe jurisdicción primaria concurrente entre ambos. Por lo tanto, para efectos de la controversia ante nuestra consideración, el Tribunal de Primera Instancia sí tiene jurisdicción para atender esta controversia. Ahora bien, considerando que la legislatura entendió que A.S.U.M.E. es el foro más conveniente, a pesar de haberle otorgado jurisdicción primaria concurrente a ambos foros, el tribunal tiene discreción para referir el caso a A.S.U.M.E. si entiende que es en el mejor interés del alimentista que la agencia dilucide inicialmente el caso. *Véase Ríos v. Narváez Calderón*, 163 D.P.R. 611 (2004).

IV

A tenor con lo anterior, entendemos que la L.I.U.A.P. establece jurisdicción primaria concurrente entre el foro judicial y el administrativo. Por tal razón, erró el Tribunal de Apelaciones al trasladar el caso a A.S.U.M.E. por entender que el Tribunal de Primera Instancia carecía de jurisdicción sobre la materia. Se devuelve el caso al tribunal apelativo intermedio para que atienda los planteamientos presentados por el señor

_____

jurisdicción exclusiva en los casos interestatales presentados luego del 1ro de julio de 1995. Sentencia del Tribunal de Apelaciones, págs. 9-10 *citando a* Sarah Torres Peralta, *La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico* 3.09-3.12 (2007).

De León Otaño en su recurso de *certiorari* y resuelva lo que en derecho proceda.

Se dictará sentencia de conformidad.


Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dalia G. Rodríguez Rivera<br><br>Peticionaria<br><br>v.<br><br>Ángel M. De León Otaño<br><br>Recurrido | CC-2013-0295 |

SENTENCIA

San Juan, Puerto Rico, a 9 de octubre de 2014

Por los fundamentos expresados en la Opinión que antecede, los cuales se incorporan íntegramente a la presente Sentencia, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Apelaciones para que resuelva lo que en derecho proceda.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García concurre en el resultado sin opinión escrita. La Jueza Presidenta señora Fiol Matta inhibida.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo