La Juez Asociada Señora Rodríguez Rodríguez
emitió la opinión del Tribunal.
En esta ocasión debemos considerar si el Tribunal de Primera Instancia tiene jurisdicción para atender un caso interestatal de pensión de alimentos presentado en virtud de la Ley Interestatal Uniforme de Alimentos entre Parientes (LIUAP), Ley Núm. 180 de 20 de diciembre de 1997 (8 LPRA see. 541 et seq.).
Pasemos a resumir los hechos que sirven de trasfondo a la controversia ante nuestra consideración.
*704 I
El 14 de diciembre de 2007 el Sr. Ángel M. De León Otaño y la Sra. Dalia G. Rodríguez Rivera se divorciaron bajo la causal de consentimiento mutuo. En la sentencia de divorcio emitida por el Tribunal de Primera Instancia se estipuló que la señora Rodríguez Rivera iba a retener la custodia de los menores y la patria potestad iba a ser compartida. A su vez, se estipuló una pensión alimentaria de $351 dólares quincenales que pagaría el señor De León Otaño.
Posteriormente, el 15 de enero de 2010 la señora Rodríguez Rivera presentó ante el Tribunal de Primera Instancia una Moción sobre Revisión de Alimentos. Alegó que procedía la revisión de la pensión alimentaria debido a que el señor De León Otaño sufrió un cambio en sus ingresos al haberse enlistado en el ejército en marzo de 2009. El asunto se refirió a una examinadora de pensiones alimentarias.
El 12 de abril de 2010 la representación legal del señor De León Otaño presentó una Moción Asumiendo Representación Legal, Solicitud de Transferencia de Vista y Solicitud de Término para Expresar Nuestra Posición por Escrito. En esta moción indicó que su cliente no residía en Puerto Rico porque residía en una base militar en Oklahoma y que éste había recibido una citación para una vista ante la examinadora de pensiones alimentarias a la dirección postal de sus progenitores. Entre otras cosas, solicitó que el tribunal le concediera un término para exponer su posición sobre la competencia y jurisdicción del tribunal. A su vez, sostuvo que no procedía la revisión solicitada por no haber ocurrido un cambio sustancial en el salario del señor De León Otaño que ameritara la revisión de la pensión alimentaria.
El 7 de junio de 2010, en la vista sobre revisión de pensión alimentaria, se aclaró que el señor De León Otaño tenía un contrato con el ejército por un término de dos años. La examinadora de pensiones alimentarias sugirió una pensión *705 de $971 mensuales. No obstante, refirió el caso al juez indicando que ella no podía intervenir porque el señor De León Otaño no residía en Puerto Rico.(1)
Luego de varios trámites procesales, el 28 de febrero de 2011 se celebró una vista de imposición de pensión a la cual no compareció el señor De León Otaño ni su representante legal.(2) Surge de la minuta que el señor De León Otaño no había pagado una sanción impuesta por el tribunal el 16 de noviembre de 2010, como tampoco se había expresado dentro del término ordenado sobre la pensión sugerida por la examinadora de pensiones alimentarias en su informe del 7 de junio de 2010. En esa vista, el tribunal le impuso la pensión de $971 mensuales retroactiva a junio de 2010. Surge del expediente que el 14 de diciembre de 2011 hubo una vista de seguimiento a la cual no compareció ni el señor De León Otaño ni su representante legal. En esta vista se indicó que el diligenciamiento de la orden de arresto contra el señor De León Otaño fue negativo, por lo cual la representación legal de la señora Rodríguez Rivera solicitó que se hicieran las gestiones a través del trámite interestatal. El tribunal refirió el asunto a la Unidad de Alimentos Recíprocos de la Administración para el Sustento de Menores (ASUME).
Posteriormente, el 6 de junio de 2012, en una nueva vista de seguimiento, el señor De León Otaño, por medio de su representación legal, presentó varias mociones, entre estas una titulada Moción Solicitando Créditos y otra de *706 nominada Impugnación de Resolución de Alimentos y Solicitud de Relevo de Sentencia por Falta de Jurisdicción y Violación al Derecho al Debido Proceso de Ley. En la moción de impugnación, el señor De León Otaño alegó que el tribunal no había adquirido jurisdicción sobre su persona porque él era un no residente que no se había sometido a la jurisdicción del tribunal y que no había sido notificado personalmente. Asimismo, indicó que erró el tribunal al no remitir el caso a la División de Alimentos Interestatales de ASUME para cualquier trámite ulterior relacionado con la pensión, pues el padre era un no residente y militar sobre el cual no se tenía jurisdicción. A su vez, expresó que la pensión impuesta era incorrecta por un error matemático cometido por los funcionarios judiciales. Por otro lado, surge de la minuta de la vista que el Tribunal hizo constar que no podía referir el caso a la examinadora de pensiones alimentarias porque esta no tenía jurisdicción, puesto que el señor De León Otaño no residía en Puerto Rico.
Como resultado de las mociones presentadas por el señor De León Otaño, el foro primario concedió el crédito solicitado por este, dejó sin efecto la orden de desacato emitida y le concedió un término a la señora Rodríguez Rivera para que se expresara sobre la moción para impugnar la resolución de alimentos. El 21 de junio de 2012 la señora Rodríguez Rivera presentó una Moción en Torno a Solicitudes del Promovido Ángel M. De León Otaño.
Examinadas ambas mociones, el 9 de julio de 2012 el tribunal emitió una Resolución mediante la cual declaró “no ha lugar” la moción de impugnación y solicitud de relevo de sentencia presentada por el señor De León Otaño. Igualmente, en reconsideración, declaró “no ha lugar” la moción para solicitar créditos. Por último, señaló una vista de desacato para el 10 de octubre de 2012. Celebrada la vista, el foro primario encontró al señor De León Otaño incurso en desacato por su incumplimiento con el pago de la pensión *707 con una deuda de $8,398, y concedió una partida de honorarios de abogado.(3)
Insatisfecho, el 8 de enero de 2013 el señor De León Otaño presentó un recurso de revisión ante el Tribunal de Apelaciones. Alegó que había errado el Tribunal de Primera Instancia al dejar sin efecto la concesión del crédito y al determinar que tenía jurisdicción sobre el asunto ante su consideración y sobre su persona. El 15 de febrero de 2013 el Tribunal de Apelaciones revocó la resolución emitida por el Tribunal de Primera Instancia en la vista de desacato. El tribunal apelativo intermedio entendió que el Tribunal de Primera Instancia no tenía jurisdicción sobre la materia al tratarse de un alimentante no residente en Puerto Rico, según el Artículo 9.904 de la Ley Interestatal Uniforme de Alimentos entre Parientes (LIUAP), Ley Núm. 180 de 20 de diciembre de 1997, 8 LPRA sec. 548c.(4)
Como consecuencia, sostuvo que carecía de jurisdicción con respecto al cobro de la pensión corriente y de cualquier atraso en el pago de pensión. Por lo anterior, ordenó el traslado de la revisión de pensión a ASUME para que se resolviera lo planteado ante el foro judicial y continuaran los procedimientos relativos a la pensión alimentaria. La señora Rodríguez Rivera presentó una solicitud de reconsideración ante el Tribunal de Apelaciones, la cual fue declarada “no ha lugar”.
Inconforme, la señora Rodríguez Rivera recurrió ante este Tribunal mediante un recurso de certiorari, en el cual nos solicita que revoquemos la sentencia emitida por el foro apelativo intermedio. En el recurso presentado alega *708 que el Tribunal de Apelaciones erró al no reconocer la jurisdicción continua y exclusiva del Tribunal de Primera Instancia sobre la pensión alimentaria objeto de este caso. A su vez, señala que erró el foro apelativo intermedio al determinar que el señor De León Otaño es un alimentista que no reside en Puerto Rico sin haber prueba suficiente en el expediente sobre ese particular.
Planteada así la controversia, expedimos el auto solicitado. Con el beneficio de la comparecencia de las partes, procedemos a resolver.
HH 1—I
A
Este Tribunal ha definido el término jurisdicción como “el poder o autoridad de un tribunal para considerar y decidir casos y controversias”. Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014). Véase Gearheart v. Haskell, 87 DPR 57, 61 (1963). Toda vez que los foros judiciales de Puerto Rico son tribunales de jurisdicción general, estos tienen autoridad para atender cualquier causa de acción que presente una controversia propia para adjudicación, a menos que no tengan jurisdicción sobre la materia. Junta Dir. Cond. Montebello v. Fernández, 136 DPR 223, 230 (1994).
Tener jurisdicción sobre la materia “se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal”. J.A. Echevarría Vargas, Procedimiento civil puertorriqueño, [s.l.], [ed. del autor], 2010, pág. 25. Esta no puede otorgarse a las partes y el tribunal tampoco puede abrogársela. Id. Solo el Estado, a través de sus leyes, puede otorgar o privar de jurisdicción sobre la materia a un tribunal. Unisys v. Ramallo Brothers, 128 DPR 842, 862 esc. 5 (1991). En otras pala *709 bras, “para privar a un ‘tribunal de jurisdicción general’ de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria”. D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme 582 (3ra ed. 2013). Véase, además, Junta Dir. Cond. Montebello v. Fernández, supra.
B
En el ámbito del derecho administrativo, cuando el Estado delega funciones gubernamentales a las agencias administrativas, puede haber incertidumbre con respecto a qué foro, si el judicial o administrativo, tiene jurisdicción original para dilucidar una controversia que suija en relación con la función delegada. En esos casos, para determinar qué foro tiene jurisdicción original hemos utilizado la doctrina de jurisdicción primaria. Aguilú Delgado v. P.R. Parking System, 122 DPR 261, 266 (1988). Esta doctrina tiene dos vertientes: la jurisdicción primaria exclusiva y la jurisdicción primaria concurrente. Id. La jurisdicción primaria exclusiva (o jurisdicción estatutaria) ocurre cuando la Asamblea Legislativa, por medio de un estatuto, confiere jurisdicción exclusiva a un organismo administrativo. En ese caso, “la jurisdicción exclusiva conferida al organismo no admite ningún otro medio de solución, ajuste o prevención [...] No se trata de una jurisdicción compartida o concurrente. Es por el contrario, una jurisdicción sobre la materia que el legislador ha depositado en el ámbito jurisdiccional de la agencia de forma exclusiva”. Fernández Quiñones, op. cit, pág. 575. Como resultado, los tribunales quedan excluidos de intervenir en primera instancia en las materias o los asuntos sobre los cuales se le ha conferido la jurisdicción exclusiva a una agencia.
*710 Por otro lado, la doctrina de jurisdicción primaria concurrente ocurre cuando la ley permite que la reclamación se inicie en el foro administrativo o en el judicial. Aguilú Delgado, supra, pág. 266. Sin embargo, se cede la primacía al órgano administrativo y, como consecuencia, ocurre un “aplazamiento de interacción por parte del Tribunal hasta que se proceda a resolver finalmente por la agencia”. Fernández Quiñones, op. cit., pág. 563. Algunas de las razones por las cuales se justifica la deferencia a la agencia administrativa en casos de jurisdicción primaria concurrente son: “la destreza o pericia de la agencia, la prontitud usual del proceso de decisión [y] el uso de técnicas de adjudicación más flexibles [...]”. Ferrer Rodríguez v. Figueroa, 109 DPR 398, 402 (1980). Al aplicar esta doctrina, “[n]o es aconsejable establecer normas uniformes, aplicables a todas las agencias y a todos sus casos. Cada situación exige conjugar estos factores y considerar las circunstancias que apuntan o no a la conveniencia de permitir que la controversia se dilucide inicialmente en el foro administrativo”. Id.
Hemos reiterado que “ ‘la doctrina [de jurisdicción primaria] no es una camisa de fuerza, y bajo ciertas circunstancias hemos reconocido su inaplicabilidad’ ”. (Corchetes en el original). Consejo Titulares v. Gómez Estremera et al., 184 DPR 407, 430 (2012), haciendo referencia a Ortiz v. Panel F.E.I., 155 DPR 219, 246 (2001). Esta doctrina no aplica cuando “ ‘[l]a naturaleza de la causa de acción presentada y el remedio solicitado destacan que no se presentan cuestiones de derecho que exijan el ejercicio de discreción y de peritaje administrativo, es decir, cuando la cuestión que se plantea sea puramente judicial’ ”. (Corchetes en el original). Consejo Titulares v. Gómez Estremera et al., supra, págs. 430-431, haciendo referencia a Ortiz v. Panel F.E.I., supra, pág. 246. Véase Fernández Quiñones, op. cit., pág. 570. En síntesis, si se determina que a la agencia se le concedió jurisdicción estatutaria ex- *711 elusiva, no es necesario hablar de la doctrina de jurisdicción primaria concurrente. Fernández Quiñones, op. cit., pág. 574.
C
Un tribunal tiene el deber de interpretar los estatutos aplicables a la controversia ante su consideración. R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Pubs. JTS, 1987, pág. 241. En este caso nos corresponde interpretar la Ley Interestatal Uniforme de Alimentos entre Parientes, Ley Núm. 180, supra. Al ejercer nuestro rol de interpretar esta ley debemos tener presente que “cualquier interpretación de ley que conduzca a una conclusión absurda, ha de ser rechazada, pues al ejercer nuestra función interpretativa, estamos obligados a armonizar, en la medida posible, todas las disposiciones de ley involucradas en aras de obtener un resultado más sensato, lógico y razonable”. Consejo Titulares v. Gómez Estremera et al., 184 407, 429 (2012). Veamos.
En nuestro ordenamiento, está firmemente establecido que “los casos relacionados con los alimentos de menores están revestidos de un alto interés público”. Peña v. Warren, 162 764, 773 (2004). A su vez, hemos reconocido que “la obligación de los progenitores de proveer alimentos a sus hijos menores de edad es parte esencial del derecho a la vida. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1”. Ríos v. Narváez, 163 DPR 611, 617 (2004). Por lo anterior, la Asamblea Legislativa ha legislado para “procurar que los padres o las personas legalmente responsables contribuyan [...] a la manutención y bienestar de sus hijos o dependientes mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias”. Ley Orgánica de la Adminis *712 tración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA see. 502.
Con miras a cumplir con ese propósito, el 20 de diciembre de 1997 la Asamblea Legislativa aprobó la LIUAP, incorporando, a su vez, la Uniform Interstate Family Support Act (UIFSA) y derogando la Ley Núm. 71 de 20 de junio de 1956, según enmendada, conocida como Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos, 32 LPRA ant. see. 3311 et seq. La UIFSA es un estatuto modelo aprobado por el National Conference of Commissioners on Uniform State Laws que el gobierno federal requirió que se adoptara como requisito para recibir fondos federales para los Programas de Sustento de Menores y Asistencia Pública. Exposición de Motivos de la Ley Núm. 180, supra. Véase Aponte v. Barbosa Dieppa, 146 DPR 558, 566-567 (1998).
Este requisito se impuso debido a que en casos interestatales —donde una de las partes es un no residente o cuando el caso involucra a dos estados— el procesamiento de los casos entre los estados involucrados era confuso y complejo. El proceso se caracterizaba por una falta de coordinación y uniformidad que afectaba la comunicación y cooperación entre los estados. Por lo anterior, además de establecer uniformidad en el proceso, la LIUAP “permite al estado con jurisdicción sobre las partes en casos de reclamaciones de alimentos interestatales llevar a cabo procedimientos administrativos o judiciales para emitir órdenes contra estas partes, a ser cumplidas en otro estado, sin necesidad de recurrir a la intervención de ese otro estado”. Exposición de Motivos de la Ley Núm. 180, supra, 1997 (Parte 2) Leyes de Puerto Rico 840.
Con respecto al término “residencia” utilizado en la LIUAP, se entiende que una persona reside en un lugar cuando “es ‘el lugar en que una persona se encuentra, durante más o menos tiempo, accidental o incidentalmente, sin intención de domiciliarse’ ”. S.L.G. Solá-Moreno v. Ben *713 goa Becerra, 182 DPR 675, 688 (2011). Véase E. Vázquez Bote, Concepto del domicilio en el Derecho puertorriqueño, 61 Rev. Jur. UPR 25 (1992). Por lo tanto, en cuanto a la LIUAP, “residencia” no es equivalente a domicilio, sino que “ ‘[e]l domicilio supone una proyección temporal, conforme con la nota de habitualidad, mientras que la residencia se define por el hecho de estar’ ”. S.L.G. Solá-Moreno, supra, pág. 688, citando a Vázquez Bote, supra, pág. 50.
En síntesis, esta ley se aprobó para “establecer uniformidad en la fijación y ejecución de obligaciones alimentarias entre personas que residen en diferentes estados, con el propósito de proteger y hacer valer los derechos de los menores”. Exposición de Motivos de la Ley Núm. 180, supra, 1997 (Parte 2) Leyes de Puerto Rico 837. Sobre la LIUAP este Tribunal ha expresado que “es un estatuto de carácter esencialmente remedial, cuyo propósito es establecer un sistema procesal uniforme para posibilitar la ejecución de una orden de pensión alimentaria de un estado en otro [...]”. (Escolio omitido). Aponte, supra, pág. 569. Asimismo, la LIUAP “establece un sistema de una sola orden, el cual se apoya en el principio de la jurisdicción continua y exclusiva del tribunal que emite una orden de pensión alimentaria o una determinación de filiación [...]”. (Escolio omitido). íd., págs. 571-572. Véase S.L.G. Solá-Moreno v. Bengoa Becerra, supra.
Por consiguiente, resulta imprescindible determinar qué tribunal tiene autoridad para atender casos interestatales de pensión de alimentos bajo la LIUAP. Esta ley define tribunal como “un tribunal, corte, agencia administrativa o entidad cuasijudicial autorizada para establecer, ejecutar o modificar una orden de pensión alimentaria o para establecer filiación”. (Enfasis suplido). 8 LPRA see. 541(22). En particular, en el Artículo 1.102 de la LIUAP se indica qué instituciones se consideran tribunales de Puerto Rico para efectos de esta ley: el Tribunal General de Justicia *714 y la Administración para el Sustento de Menores.(5) 8 LPRA sec. 541a. Sobre lo anterior, las anotaciones a UIFSA señalan que “[t]he enacting state must identify the court, administrative agency, or the combination of those entities which constitute the tribunal or tribunals authorized to deal with family support. In a particular state there may be several different such entities authorized to determine family support matters”. 9 Uniform Laws Annotated Sec. 102, pág. 323 (2005).
Asimismo, y cónsono con lo anterior, una mayoría de los artículos de la LIUAP, que proveen variados servicios a los ciudadanos que se acogen a esta, no distinguen entre el Tribunal General de Justicia y ASUME.(6) A modo de ilustración, en el Artículo 2.201 de la LIUAP se indica que el tribunal de Puerto Rico adquirirá jurisdicción sobre una persona no residente en procedimientos para fijar, ejecutar o modificar una pensión alimentaria, o para establecer la filiación de un menor.(7) 8 LPRA see. 542. Surge del artículo *715 anterior que la LIUAP reconoce, según la definición que la propia ley da de “tribunales”, que tanto el Tribunal General de Justicia como ASUME pueden adquirir jurisdicción sobre un no residente para, entre otras cosas, fijar una pensión alimentaria. A su vez, la LIUAP también establece que el tribunal de Puerto Rico, bajo las disposiciones de la ley, puede servir como tribunal iniciador para remitir los procedimientos a otro estado o como tribunal recurrido. 8 LPRA sec. 542b.(8)
Igualmente, en su Artículo 3.310 la LIUAP establece los deberes de ASUME y dispone que la agencia deberá “[c]ompilar y mantener [una lista] actualizada de los tribunales en Puerto Rico con jurisdicción sobre los procedimientos que establece este capítulo y de las agencias relacionadas con los programas de sustento de menores en Puerto Rico”, al igual que “remitir al tribunal con competencia en Puerto Rico del lugar en que reside el alimentista o alimentante o donde se estima que existen bienes del alimentante, todos los documentos relacionados con los procedimientos bajo las disposiciones de este capítulo que ha recibido de un tribunal iniciador o de la agencia de información del estado iniciador [...]”. (Corchetes en el original). 8 LPRA sec. 543i. Como se puede observar, por medio del Artículo 3.310, supra, se designa a ASUME como la agencia de información estatal y se reconoce que los tribunales de Puerto Rico pueden tener jurisdicción sobre los procedimientos que la LIUAP provee, al ordenarle a la agencia a mantenerlos en una lista, entre otras cosas. Por lo tanto, conforme a las disposiciones de la LIUAP, tanto el Tribunal de Primera Instancia como ASUME tienen jurisdicción para atender casos interestatales de pensión de *716 alimentos. Es decir, en casos interestatales de pensión de alimentos aplica la doctrina de jurisdicción primaria concurrente.
III
Discutida la normativa aplicable, pasemos a resolver la controversia ante nuestra consideración.
En este caso la señora Rodríguez Rivera sostiene que erró el Tribunal de Apelaciones al determinar que el señor De León Otaño es un alimentista que no reside en Puerto Rico. En su argumentación, la señora Rodríguez Rivera equipara los términos “domicilio” y “residencia” e indica que el mero hecho de estar destacado fuera de Puerto Rico cumpliendo un servicio militar no cambia la residencia de la persona. No le asiste la razón.
Según señalamos, el concepto de residencia en la LIUAP no equivale a “domicilio”—S.L.G. Solá-Moreno, supra, pág. 688— y “residencia” se refiere el lugar en el cual una persona “se encuentra durante cierto período de tiempo, accidental o incidentalmente, sin tener necesariamente la intención de domiciliarse allí”. Vázquez Bote, supra, pág. 57. Véase S.L.G. Solá-Moreno, supra, pág. 688. Por lo tanto, coincidimos con el Tribunal de Apelaciones en que al momento de presentarse la revisión de pensión, el señor De León Otaño era un no residente de Puerto Rico. La señora Rodríguez Rivera reconoció que solicitaba la revisión de la pensión porque el señor De León Otaño estaba en el ejército y surge del expediente que en varias vistas el señor De León Otaño no pudo comparecer por estar cumpliendo con su contrato. Además, en el alegato de la señora Rodríguez Rivera esta reconoce que al momento de instarse la solicitud para revisar la pensión, el señor De León Otaño estaba destacado en Oklahoma por su servicio militar. Alegato de la peticionaria, pág. 27. Consecuentemente, la acción de revisión de pensión alimentaria pre *717 sentada por la señora Rodríguez Rivera es una acción interestatal y le aplica la LIUAR
Resuelto lo anterior, resta por determinar si el Tribunal General de Justicia tiene jurisdicción sobre la materia en esta controversia. El Tribunal de Apelaciones concluyó que el tribunal no tiene jurisdicción sobre la materia de acuerdo con el Artículo 9.904 de la LIUAP, supra, el cual, en lo pertinente, dispone que “[e]l Tribunal General de Justicia será el foro apropiado para los casos interestatales presentados antes del 1ro de julio de 1995 y la Administración para el Sustento de Menores será el foro apropiado para aquellos que surjan a partir de dicha fecha”. Es decir, entendió que el legislador privó al Tribunal General de Justicia de jurisdicción sobre la materia en los casos interestatales presentados luego del 1 de julio de 1995 y se la otorgó exclusivamente a ASUME. No tiene razón.
Las leyes no pueden interpretarse tomando aisladamente sus disposiciones o secciones, sino que se deben considerar todas en conjunto, al igual que su propósito. Como vimos, de un análisis de la LIUAP en su totalidad surge que mediante esta legislación se le concede jurisdicción a ambos foros —a ASUME y a los tribunales— para llevar a cabo los distintos procedimientos que provee la ley desde su inicio. El Artículo 9.904 es el único artículo en la ley en que se hace alguna distinción sobre la autoridad para atender casos interestatales de pensión de alimentos, solo para establecer que ASUME será el “foro apropiado” para atender casos interestatales de pensión de alimentos a partir del 1 de julio de 1995. Esto significa que ASUME es el foro más conveniente para atender los casos a partir de esa fecha y no que es el foro con jurisdicción exclusiva. De hecho, la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5, supra, 8 LPRA see. 501 et seq., tampoco concede jurisdicción exclusiva a ASUME en casos interestatales. Solo provee que ASUME prestará sus servicios “cuando reciba un referido interestatal bajo *718 la [...] ‘Ley Uniforme de Alimentos Interestatales’ o reciba una petición interestatal de una agencia que administre un plan estatal aprobado por el gobierno federal bajo el Título IV, Parte D [...]”. 8 LPRA sec. 504b(c). Incluso, reconoce que el tribunal puede actuar como tribunal iniciador a tenor con la LIUAP. 8 LPRA see. 523.
No es razonable concluir que, a pesar de que la Asamblea Legislativa dispuso que el Tribunal General de Justicia constituye un “tribunal” para efectos de la LIUAP, por lo que tiene autoridad “para establecer, ejecutar o modificar una orden de pensión alimentaria o para establecer filiación”, 8 LPRA see. 541(22), a la vez, le haya privado de jurisdicción. Sostener que el Tribunal General de Justicia carece de jurisdicción en casos interestatales de pensión de alimentos y privar al menor de un foro en el cual pueda ejercer su derecho a reclamar alimentos resultaría incompatible con las disposiciones de la LIUAP y los mejores intereses del menor. Por ende, al analizar el Artículo 9.904 en conjunto con las demás disposiciones de la ley, entendemos que aplica la doctrina de jurisdicción primaria concurrente. De hecho, esta doctrina permite que un tribunal remita una controversia a la agencia administrativa siempre que el tribunal concluya que de esa manera se sirven mejor los intereses de las partes afectadas y la política pública que enuncia la ley. Ríos v. Narváez, 163 DPR 611 (2004).(9)
En resumidas cuentas, el Tribunal General de Justicia tiene jurisdicción sobre la materia en casos interestatales bajo la LIUAP y, debido a que tanto el foro judicial como el foro administrativo se consideran tribunales *719 de Puerto Rico para efectos de esta ley, existe jurisdicción primaria concurrente entre ambos. Por lo tanto, para efectos de la controversia ante nuestra consideración, el Tribunal de Primera Instancia sí tiene jurisdicción para atender esta controversia. Ahora bien, considerando que la Legislatura entendió que ASUME es el foro más conveniente, a pesar de haberle otorgado jurisdicción primaria concurrente a ambos foros, el tribunal tiene discreción para referir el caso a ASUME si entiende que es en el mejor interés del alimentista que la agencia dilucide inicialmente el caso. Véase Ríos v. Narváez, supra.
IV
A tenor con lo anterior, entendemos que la LIUAP establece jurisdicción primaria concurrente entre el foro judicial y el administrativo. Por tal razón, erró el Tribunal de Apelaciones al trasladar el caso a ASUME por entender que el Tribunal de Primera Instancia carecía de jurisdicción sobre la materia. Se devuelve el caso al tribunal apelativo intermedio para que atienda los planteamientos presentados por el señor De León Otaño en su recurso de “certiorari” y resuelva lo que en derecho proceda.

Se dictará sentencia de conformidad.

La Jueza Presidenta Señora Fiol Matta se inhibió. El Juez Asociado Señor Rivera García concurrió con el resultado sin opinión escrita.

 La examinadora de pensiones alimentarias se fundamentó en el Artículo 15 de la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, 8 LPRA sec. 514(a). En lo pertinente, el Artículo 15(1) dispone:

“Procedimiento judicial expedito- Notificación de la acción

“(l)(a) Al presentarse en el tribunal una petición o escrito sobre la obligación de prestar alimentos a menores, incluso aquéllas en que se reclamen alimentos para un o una cónyuge, ex cónyuge u otro pariente que tenga la custodia de los menores, y la parte promovida resida en el Estado Libre Asociado de Puerto Rico, el secretario del tribunal procederá de inmediato a señalar la vista ante el Examinador [...]”.

 Se informó que la representante legal estaba enferma y que no podía comparecer.

 La Resolución del Tribunal de Primera Instancia fue notificada el 6 de diciembre de 2012.

 El Artículo 9.904 dispone, en lo pertinente, lo siguiente:
“El Tribunal General de Justicia será el foro apropiado para los casos interestatales presentados antes del 1ro de julio de 1995 y la Administración para el Sustento de Menores será el foro apropiado para aquellos que surjan a partir de dicha fecha”. 8 LPRA sec. 548c.

 En específico, el Artículo 1.102 dispone lo siguiente:
“El Tribunal General de Justicia y la Administración para el Sustento de Menores creada por las sees. 501 et seq. de este título serán los tribunales de Puerto Rico”. 8 LPRA sec. 541a.

 Algunos de los artículos que no distinguen entre ambos foros son: Art. 2.202, 8 LPRA sec. 542a; Art. 2.204, 8 LPRA sec. 542c; Art. 2.207, 8 LPRA sec. 542f; Art. 3.316, 8 LPRA sec. 543o; Art. 4.401, 8 LPRA see. 544.

 En específico, el Artículo 2.201 de la LIUAP, 8 LPRA see. 542, dispone lo siguiente:
“En un procedimiento para fijar una pensión alimentaria, ejecutar o modificar una orden de pensión alimentaria o para establecer la filiación de un menor, el tribunal de Puerto Rico adquirirá jurisdicción sobre la persona, el tutor o encargado no residente cuando:
(1) La persona es emplazada personalmente en Puerto Rico;
(2) la persona se somete voluntariamente a la jurisdicción, en forma expresa o tácita, al consentir o comparecer o al presentar una alegación respondiente que tenga el efecto de renunciar a la defensa de falta de jurisdicción sobre su persona;
(3) la persona residió en Puerto Rico con el menor;
(4) la persona residió en Puerto Rico y proveyó gastos prenatales o alimentos para el menor;
(5) el menor reside en Puerto Rico como resultado de actos o directrices de la persona;
(6) la persona sostuvo relaciones sexuales en Puerto Rico y el menor pudo haber sido concebido de esa relación sexual;
(7) la persona reconoció e inscribió al menor conforme dispone la ley, o
*715 (8) existe cualquier otro fundamento consistente con la Constitución del Estado Libre Asociado de Puerto Rico y de los Estados Unidos para adquirir jurisdicción sobre la persona”.

 Sobre los deberes del tribunal iniciador, véase 8 LPRA sec. 543c; sobre los deberes del tribunal recurrido, véase 8 LPRA sec. 543d.

 Por los fundamentos expresados, discrepamos de la interpretación de la licenciada Sarah Torres Peralta, citada con aprobación en la Sentencia del Tribunal de Apelaciones, quien sostiene que ASUME tiene jurisdicción exclusiva en los casos interestatales presentados luego del 1 de julio de 1995. Sentencia del Tribunal de Apelaciones, págs. 9-10, citando a S. Torres Peralta, La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, San Juan, Pubs. STP, 2007, págs. 3.09-3.12. Apéndice del Recurso de certiorari, págs. 21-22.